A. L. McPHERSON, Respondent, v. W. C. ANDES, Appellant.

Kansas City Court of Appeals, May 2, 1898.

1. **Evidence:** SUBSEQUENT ADMISSION WITHOUT OBJECTION. The appellant is in no condition to complain of the admission of evidence over his objection where evidence of the same tenor was admitted without objection.

2. **Bills and Notes:** SEVERAL MAKERS: PRESUMPTION AS TO SURETY. A note purporting to be a joint obligation of the parties signing it as a partnership is *prima facie* evidence that it was such obligation.

*Appeal from the Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

S. F. O'FALLON and T. C. DUNGAN for appellant.

(1) The court erred in admitting evidence of witnesses Miller and McPherson, over defendant's objection, as to conversations and statements made by plaintiff to Hamsher in the absence of defendant, as to partnership relation between plaintiff and defendant concerning note in issue. 1 Greenl. on Ev., sec. 177. (2) The court erred in giving instruction number 4 on behalf of

plaintiff, and in refusing instruction number 4 asked by defendant. The burden of proving that defendant signed said note as principal, was assumed and taken by plaintiff upon himself when he brought his suit, and alleged that fact affirmatively, and he must prove it by a preponderance of the evidence or fail to recover. 2 Randolph on Com. Paper, secs. 896, 904; Hillegas v. Stephenson, 75 Mo. 119; Knop v. Morel, N. E. Rep. (Ind.) 51.

KARNES, HOLMES & KRAUTHOFF for respondent.

(1) An error in admitting evidence over the objection of one of the parties to the suit is cured when subsequently the same evidence is admitted without objection. Ben. Soc. v. Lackland, 97 Mo. 137, 140; Nagle v. Fulmer, 67 N. W. Rep. (Iowa, 1896) 369, 370. (2) Under the whole evidence, the verdict is for the right party. The plaintiff introduced in evidence a joint note signed by plaintiff and defendant, showed the recovery of a judgment thereon and its discharge in full by the plaintiff. This, of itself, made a *prima facie* case. Hillegas v. Stephenson, 75 Mo. 118–120; Marshall v. Cabanne, 40 Mo. App. 38, 40, and cases cited; School District v. Ins. Co., 61 Mo. App. 597–601, and cases cited.

GILL, J.—In December, 1893, plaintiff and defendant each signing his own name executed to the bank of Mound City their promissory note for $1,595. On the face of the note, and immediately under the names of the makers, was written: "This is a partnership note between W. C. Andes and A. L. McPherson." The note was not paid at maturity; the bank sued both makers; recovered judgment against them jointly; this judgment was paid by McPherson; and then he

brought suit against Andes for the one half, resulting in a verdict and judgment for plaintiff, and defendant appealed.

The sole defense of Andes was that he signed the note with McPherson as the latter's surety and not as a joint and several obligor. It seems that Andes and McPherson together canvassed Holt county for an insurance company and took from those applying for policies various notes covering first premiums. McPherson was agent for the insurance company and he secured the services of Andes because of the latter's acquaintance in that section. These notes of different parties were sold and discounted to the Mound City bank and out of the proceeds McPherson and Andes divided equally the portion belonging to them as agent's commission. At the time of the sale of these notes to the bank plaintiff and defendant gave their written guaranty that the notes would be paid. The notes however were not paid, and the bank insisting that the guaranty be made good, plaintiff first and then defendant went to the bank and signed the note before mentioned.

The first error complained of relates to the court's action in admitting evidence over defendant's objection as to a conversation had between plaintiff and the bank cashier at the time the note was signed and in the absence of the defendant. Defendant is in no condition to complain of this, if error it was, because subsequently at the trial evidence of the same tenor and nature, concerning the identical conversation was permitted to go in without objection. The error was thereby cured. Ben. Soc. v. Lackland, 97 Mo. 137.

*EVIDENCE: subsequent admission without objection.*

As to the court's rulings on instructions we discover no substantial error. They fairly submitted the sole and only question of fact left for the determination of

the jury—that is, whether or not defendant signed the note as a partner or joint obligor or as plaintiff's security; and the jury have settled that issue in the only way that it could have been decided in face of the evidence which was overwhelmingly in favor of plaintiff's contention.

The court properly gave plaintiff's instruction number 4 and committed no error in refusing defendant's number 4. On the face of the note

BILLS and notes: several makers: presumption as to surety.

there was a *prima facie* liability against defendant; it purported to be the joint note or obligation of the two parties signing it, and besides carried in its face the declaration that it was a partnership obligation. "Where several persons execute a promissory note and there is nothing on its face to show their relations to each other, there is no presumption from the order in which they sign that any, or which, of the signers are sureties." 1 Brandt on Surety and G., sec. 33; 2 Randolph on Com. Paper, sec. 906; Hollegas v. Stephenson, 75 Mo. loc. cit. 120.

The judgment is clearly for the right party and will be affirmed. All concur.

