## GAFFORD v. DAVIS *et al.*

No. 4208.   Opinion Filed July 25, 1916.

(158 Pac. 490.)

1.   **APPEAL AND ERROR—Harmless Error—Variance.**   Though there be a variance between the allegations of a petition and the facts proven without objection at the trial, yet, if it is a case where an amendment to conform to the proof should have been allowed, the judgment will not be reversed solely because of such variance.

2.   **APPEAL AND ERROR—Grounds of Review—Reception of Evidence—Waiver of Right to Object.**   A party cannot complain of the admission of evidence over his objection to a single question, where he permits like evidence of other witnesses to be admitted without objection.

3.   **QUIETING TITLE — Possession by Complainant — Necessity.**   Though the plaintiffs in a suit for the cancellation of certain deeds and to quiet title were not in possession of the lands, the title to

which was involved, and could not for that reason maintain the suit, yet where the defendant seeks affirmative relief, and asks to have his own title quieted, this gives the court jurisdiction of the whole controversy.

4.    **CANCELLATION OF INSTRUMENTS—Evidence.** Evidence examined, and **held** to sufficiently support the decree.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by Richmond Davis and others against J. A. Gafford. Judgment for plaintiffs, and defendant brings error. Affirmed.

*C. Guy Cutlip,* for plaintiff in error.

*J. A. Baker,* for defendants in error.

SHARP, J.   This case presents error from the district court of Seminole county, and involves the title to the allotment of Scipio Davis, a Seminole freedman. The action was brought by Scipio's heirs to cancel a deed to said land, purporting to have been executed by Scipio during his lifetime, and in which deed one Charles O. Tate was named as grantee. Some weeks after the purported execution of said deed by Scipio to Tate, the latter conveyed, by warranty deed, to the plaintiff in error, J. A. Gafford. The court in its decree found for the plaintiffs and ordered canceled each of the deeds named.

Two principal points for reversal are urged by counsel for plaintiff in error: (1) That the judgment is contrary to the law and the evidence; (2) that plaintiffs were not in possession of the lands involved, either by themselves or tenants, at the institution of the action. The main contention under the first assignment is that as the petition charged that the purported deed from Scipio to Tate was invalid for the reason that Scipio never at any time executed,

acknowledged, or delivered said deed, nor did he authorize any one else to sign, execute, or deliver such deed for him, but that said deed was a forgery and conveyed no title to said land or any part thereof, the finding of the court that Scipio was incompetent to make a deed was not within the issues and was contrary to the law and the evidence.

Plaintiffs introduced as witnesses Dilsey Holt, a granddaughter, Jane Washington, a daughter, Hanna Davis, a granddaughter of Scipio and daughter of Jane Washington, and Willie Holt, husband of Dilsey Holt—each of whom testified that on the occasion of the visit of R. M. Tate and Bud Carter at the home of Scipio, at the time the deed was claimed to have been given, Tate at no time entered the house where Scipio was, though all testified that Bud Carter, a distant relative of the plaintiffs, was in the room with him for a short time; and, further, that no deed in fact was ever executed. The only material evidence on the part of the defendant was that of R. M. Tate, who testified that together with Bud Carter he witnessed Scipio's mark, and as a notary public took his acknowledgment. R. M. Tate was a brother of Charles O. Tate, and according to the testimony was representing the latter in the purchase of the land. At the time the deed was said to have been executed, Scipio Davis was a very old man—one of the witnesses testifying that he was 105 years old. All testified that at the time he was helpless as a child, and had to be constantly cared for and looked after by his children and grandchildren, who lived with him, or in nearby cabins. R. M. Tate admitted that on account of the transaction he had been arrested, but testified that he thought the case against him had been dismissed. Don Campbell, a witness for defendant on an immaterial point, being asked on cross-examination in respect to R. M. Tate's

general reputation for truth and veracity in the community, having qualified, stated that he did not think it was "very bad." The deed from Scipio to Charles O. Tate recites on its face a consideration of $1 and other good and valuable considerations, but R. M. Tate testified that he gave Scipio $20 for his 40-acre allotment. What the other good and valuable considerations were does not appear, though two of Scipio's kinsmen testified that Bud Carter left with either Dilsey or Scipio a box of ginger snaps. However that may be, we are not called upon to pass upon the question of the sufficiency of the consideration, for we are convinced from the evidence in the record that no deed was ever executed by the sick, helpless, ignorant centenarian. Whether the execution was in fact a forgery, either in the first or second degree under the statute, need not be considered, for the reason that the testimony offered by plaintiffs, tending to show the utter incompetency of Scipio Davis to understand or comprehend the nature of the transaction, was introduced without objection on the part of the defendant, except as to one question. The rule is well recognized, in this jurisdiction, that where no sufficient objection is made that the evidence offered is not within the issues, and proof is submitted which may tend to enlarge the issues, if the case be one where the amendment of the petition ought to have been allowed to conform it to the facts proved, the judgment will not be reversed solely on the ground of a variance between the facts proved and the allegations of the petition. *Mulhall v. Mulhall,* 3 Okla. 304, 41 Pac. 109; *Love v. Kirkbride Drilling & Oil Co.,* 37 Okla. 804, 129 Pac. 858; *Homeland Realty Co. v. Robinson,* 39 Okla. 591, 136 Pac. 585; *Missouri, O. & G. Ry. Co. v. Collins,* 57 Okla. 761, 150 Pac. 142. It is true, upon the direct examination of Richmond Davis, counsel for defendant objected to one question touching the competency of Scipio to

make a deed.  All other evidence of like character was admitted without any form of objection.  In such circumstances, error in permitting the witness to answer the question will not be sufficient ground for a reversal of the judgment.  It has frequently been held that a party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection.  3 C. J. 815; *Douglas Land Co. v. T. W. Thayer Co.*, 107 Va. 292, 58 S. E. 1101; *McPherson v. Andes*, 75 Mo. App. 204; *Gulf, C. & S. F. Ry. Co. v. John*, 9 Tex. Civ. App. 342, 29 S. W. 558; *San Antonio v. Potter*, 31 Tex. Civ. App. 263, 71 S. W. 764.  For the reasons stated, we do not think the first assignment well taken.

The assignment that the plaintiffs were not in possession of the lands in controversy, either by themselves or tenants, at the institution of the action, overlooks the fact that the defendant in his answer, after setting up title in himself to the land in question, asked that judgment be entered decreeing the valid title to said land to be in him, and quieting his title to said premises as against plaintiffs' claims and demands.  Such being the case, the court had jurisdiction without regard to whether in fact the plaintiffs were or were not in possession.  The precise question was involved in *Davenport v. Wolf et al.*, 59 Okla.—, 158 Pac. 382, where it was said that it is no objection to the jurisdiction of the court, in an action to quiet title, that plaintiff is not in possession, where defendant files a cross-petition, asking that his own title be established and quieted, as the court is thereby given jurisdiction of the entire controversy. The opinion is we'l fortified by authorites, and the rule announced is decisive of the question.

The other points urged for a reversal are without sufficient merit to call for a further consideration of the case.

The judgment of the trial court is affirmed.

All the Justices concur.