# HARRY LAUGHLIN v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

### Division Two, July 16, 1918.

1. **DIRECTED VERDICT: Appellate Rule.** The appellate court will not interfere with the action of the trial court in refusing to direct a verdict for defendants where there was substantial evidence to support a verdict for plaintiff.

2. ———: ———: **All Evidence Considered.** The probative force of the substantial evidence necessary to sustain the verdict rendered for plaintiff is not to be tested by that adduced by him alone, although in passing on a demurrer thereto every reasonable inference deducible therefrom is to be taken as true; but it also may be aided by such of defendant's evidence that helps to make out plaintiff's case.

3. ———: **Inferences from Proven Facts: Proximate Cause.** The testimony of plaintiff, a brakeman of a freight train which had stopped to take water, was that after it had started and was running at a rate of five to seven miles per hour he attempted to swing himself upon a car by grasping an iron stirrup and was thereby lifted off the ground and while his feet were in mid-air they struck an obstacle, making a sound as of pieces of iron striking together; that the impact broke his hold on the stirrup, causing him to fall; and that when he recovered from a condition of unconsciousness he saw a keg of spikes near his feet. On the day of the accident the track at the point had been repaired, by taking out old and putting in new ties, and spikes had been pulled from the old ties, and inferably placed in the keg. *Held*, that the jury were authorized in making the inference that the railroad trackmen had left the keg at the place where it was found after the accident, and that under the facts proved and circumstances shown the plaintiff's fall was caused by his legs striking the keg.

4. ———: **Proximate Cause: Question for Jury.** The determination of the proximate cause of an injury, whether it be the original negligence of one party or the intermediate negligence of another, is ordinarily one for the jury.

5. ———: ———: **Character of Evidence.** Direct evidence to establish negligence is not required, but it may be sufficiently shown by facts and circumstances. The proof must do more than raise a conjecture as to the cause of the injury; it must show with reasonable certainty that the cause for which defendant is sought to be held liable produced the injury; but it is only when the evi-

dence with all the inferences that the jury may reasonably draw therefrom is insufficient to support a finding for plaintiff, that the court is authorized to direct a verdict for defendant.

6. **CONTRIBUTORY NEGLIGENCE:** Instruction: Burden: Restriction to Plaintiff's Evidence.　Under the Federal Employers' Liability Act an instruction for plaintiff which places upon the defendant the burden of proving contributory negligence is not error.　Nor under the circumstances of this case can defendant complain that to such instruction was not added the clause: "unless the jury find from plaintiff's own evidence and the witnesses introduced by him that he was guilty of contributory negligence."　The instruction given did not specify what things were done or known by plaintiff, and if defendant desired an amplication or qualification of it in order to present its contention to the jury, it was its duty to ask a proper instruction, appropriate to the evidence and pleading, presenting that view.

7. ———: ———: Pleading: Proof.　If contributory negligence is not pleaded an instruction presenting it as a defense should not be given; and if pleaded and there is no evidence to support the plea, no instruction on the subject should be given.　Where defendant's only plea of contributory negligence was that, if plaintiff was injured, it was the result of his own negligence in attempting to climb on a moving freight train without properly using the stirrup, an instruction declaring that he was guilty of contributory negligence if he did not intelligently use the means at hand to ascertain if there were any pitfalls or obstacles on the right-of-way against which his feet might strike as he attempted by grasping the stirrup to mount the moving car, would have been improper.

8. **NEGLIGENCE:** Obstacle Beside Track.　Where it is necessary for a brakeman of a freight train, in order to mount a moving car, to grasp an iron stirrup or hand-hold while running along-side the car, he is authorized in assuming that the right-of-way is clear of obstructions, such, for instance, as a keg of railway spikes.

9. **VERDICT:** Excessive: $10,772: Simulated Injuries.　Where there is substantial evidence that plaintiff's injuries resulting from the accident were a bruise on the thigh and back, hydrocele of the right testicle, rupture of a ligament of the cervical vertebrae resulting in the depression of the seventh vertebra, an injury to the spinal cord, paralysis of the lower limbs involving the motor and sensory nerves, a subluxation of the lumber vertebrae, anesthesia of the muscles and nerves of the back extending from the shoulders to the waist line, a loss of the reflexes of the knees and feet, traumatic neurasthenia, and that the injuries are progressive and permanent, the court cannot say, even though other medical experts gave contradictory testimony, that the injuries are feigned, or that a verdict for $10,772 is excessive.

Laughlin v. Railway.

10. ——: ——: **Federal Court Rule.** In cases coming within the purview of the Federal Employers' Liability Act, it is in harmony with the purposes of the statute to adopt the measure of damages sanctioned by the Federal courts, which is that no limitation is placed by the statute on the amount that may be recovered, except that of the damages actually sustained.

11. ——: **Measure of Damages: Other Cases as Guide.** On account of the difference in the facts, there can be no hard-and-fast rule for the measure of damages in a personal injury case. A similarity in the awards in cases of like injuries may serve as a general guide, but it furnishes no exact rule by which the damages may be estimated in a given case.

12. **EXPERT TESTIMONY: Conclusion.** Where the hypothesis is based upon an established fact that plaintiff received certain injuries on a given date, it is not prejudicial error to permit the expert witness to testify that the condition will be progressive and he will be rendered helpless, if the testimony is followed by an instruction that "the opinions of expert witnesses neither establish nor tend to establish the truth of the facts upon which they are based," and similar testimony was admitted without objection.

13. ——: ——: **Waiver.** A litigant will not be heard to complain of the admission of advisory expert testimony over his objection, where evidence of the same tenor has been admitted without his objection.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*Cyrus Crane* and *Harvey C. Clark* for appellant.

(1) The court erred in not directing a verdict for defendant. Grant v. Railway Co., 190 S. W. 586; McGrath v. Transit Co., 197 Mo. 314; Coin v. Lounge Co., 222 Mo. 448; Coin v. Railway, 251 Mo. 13; Allen v. Railway, 189 Mo. App. 272; Hartman v. Railway, 261 Mo. 282; Trigg v. Land Co., 187 Mo. 227. (2) The verdict is excessive and unfair. (3) The court erred in admitting medical testimony offered by plaintiff. Glasgow v. Railway, 191 Mo. 347 (Syl. 6); Taylor v. Railway, 185 Mo. 239 (Syl. 2) and page 256; McAnany v. Henrici, 141 S. W. 633; Halley v. Light Co., 115 Mo. App. 652; McCreery v. Railways Co., 221 Mo. 28. (4) Plaintiff's

instruction 4 was erroneous. (a) As to burden of proof. Engelking v. Railway Co., 187 Mo. 158; Kappes v. Shoe Co., 116 Mo. App. 154; Sprinkle v. Utility Co., 183 S. W. 1072; Federal Act; Holmberg v. Railway Co., 153 N. W. 504; Culp v. Railway Co., 87 S. E. 187. (b) For other reasons. Williams v. Railway Co., 257 Mo. 87; Hearst v. Railway Co., 163 Mo. 309.

*W. O. Jackson* and *C. S. Denison* for respondent.

(1) The plaintiff's evidence was sufficient to prove the negligence charged, and to support the verdict returned. St. L. & S. F. Ry. Co. v. Clampett, 154 Pac. (Okla.) 43; 29 Cyc. 622; Caudle v. Kirkbride, 117 Mo. App. 412; Jones v. K. C. F. S. & M. R. Co., 178 Mo. App. 528; Gannon v. Gas Co., 105 Mo. 502; Heibert v. Telephone Company, 133 Mo. App. 558; Richey's Fed. Emp. Liab. Act (2 Ed.), pp. 332 and 333; Myers v. Pittsburg Coal Co., 233 U. S. 193, 58 Law. Ed. 911. (2) The verdict of the jury was neither excessive nor unfair. Kane v. Mo. Pac. Ry., 251 Mo. 13; Richey's Fed. Emp. Liab. Act (2 Ed.), sec. 179; Nashville Ry. Co. v. Henry, 164 S. W. 310; Vicksburg Ry. Co. v. Putnam, 118 U. S. 445, 30 Law. Ed. 257; Chicago Ry. Co. v. Devine, 239 U. S. 52, 60 Law. Ed. 140; Newcome v. N. Y. C. R. Co, 182 Mo. 687; Corby v. Mo. & Kans. Tel. Co., 231 Mo. 417; Copeland v. Wabash Railroad Co., 175 Mo. 650; Griffith v. Railroad Co., 98 Mo. 168. (3) The court did not err in admitting medical testimony complained of. Fullerton v. Fordyce, 144 Mo. 519; Halfestein v. Medart, 136 Mo. 595. (4) Plaintiff's instruction 4 was not erroneous. Cent. Vermont Ry. Co. v. White, 238 U. S. 507, 59 Law. Ed. 1433; Ill. Cent. R. Co. v. Skaggs, 240 U. S. 66, 60 Law. Ed. 528; C. & O. Ry. Co. v. Cooper, 181 S. W. (Ky.) 933; Seaboard Air Line v. Renn, 241 U. S. 295, 60 Law. Ed. 1009; Richey's Fed. Emp. Liab. Act (2 Ed.), p. 354; Padgett v. Seaboard Air Line Ry., 236 U. S. 672, 59 Law. Ed. 780; Robert's Inj. Interstate Em., p. 317; Deweese v. Merrimac Mining Co., 54 Mo. App. 476, 128 Mo. 426, R. S. 1909, sec. 1850; Matthew v. Mo. Pac. Ry., 142

Mo. 666; Sherwood v. Railroad Co., 132 Mo. 344; Daudt v. King, 124 Mo. 105; Heahl v. St. L. Ore Co., 109 Mo. 325.

WALKER, P. J.—This is an action for personal injuries. Upon a trial, a judgment was rendered for the plaintiff, from which this appeal has been perfected. The action was brought under the Federal statute in the circuit court of Bates County in February, 1914. The plaintiff was, at the time of the alleged injury, a head brakeman on one of defendant's interstate trains. At about three o'clock a. m., October 6, 1913, the train upon which he was employed stopped to take water at a tank north of Stotesbury, a station on the defendant's line in this State. Plaintiff, in the discharge of his duties, got off of the train when it stopped and went back along the side of it towards the rear end to adjust a hot box. After he had performed this duty, he proceeded a short distance further towards the rear end of the train, in the further discharge of his duties, when the engineer whistled off brakes. Plaintiff received a signal from the rear that the train would proceed, which he communicated to the engineer. The train moved forward. He did not, until a number of cars had passed him, attempt to get on the train. When he did, it was moving at the rate of about five or seven miles per hour. He carried a lantern, the light of which extended at least five feet in front of him. While running along the side of the train, he caught hold of an iron stirrup on the side of the car, preparatory to swinging onto same, when his foot struck an obstacle, which broke his hold on the stirrup of the car and he fell to the ground, receiving the injuries of which he complains. The train proceeded on its way for about three miles to a station called Amos, when he was missed. The crew detached the engine, and returning upon it, found him lying by the side of the track near where the stop had been made to taken water. His respiration was almost imperceptible and his pulsation faint. He regained consciousness when his head was bathed with

water. His injuries resulting from this fall we will discuss at length in the opinion. A keg about one-third full of railroad spikes was found some three or four feet south of where he fell, and from three to four and one-half feet from the rail. The keg appeared to have been moved about six inches, from where it had originally stood in the direction the train was going. The car upon which plaintiff was attempting to climb was about eight feet in width, and the distance between the rails over which it was moving at the time of the accident was four feet and eight inches. The body of the car, therefore, projected over and beyond the rails on each side of the track from twenty to twenty-six inches. In the attempt to swing upon the moving car by catching hold of the stirrup, plaintiff was lifted off of the ground and his feet were in mid air, at the time they struck the keg, at a distance of from ten to eighteen inches from a vertical line drawn from the outside of the car to the ground. A fact, indicative of the reason for the location of the keg of spikes near the track, was the presence the day before the injury of a pile of new ties which, on the day of the accident, had been replaced by a pile of old ties; the new ties having been placed in the track at points near where the keg was standing. The spikes in the keg were inferably those not needed in replacing the ties, or those that had been withdrawn from the old ties. Immediately after plaintiff's injury, the fireman of the train on which the plaintiff was employed, under the orders of the conductor, moved the keg further away from the track. There is a conflict in the testimony of the witness of the respective parties in this regard. As a result of the trial, a verdict was returned in favor of plaintiff for $10,772.

Defendant's assignments of error are (1) the trial court's failure to direct a verdict for defendant at the close of plaintiff's testimony or at the close of the entire testimony; (2) the giving at plaintiff's request, of instruction numbered IV; (3) refusing to set aside a

grossly excessive verdict; and (4) the admission of improper evidence.

I. It has become axiomatic in our procedure that we will not interfere with the action of a trial court in refusing to direct a verdict where there is any substantial evidence to sustain the same. [Twentieth Cent. Mach. Co. v. Excelsior Co., 200 S. W. 1079; Dunn v. Railroad, 192 Mo. App. 260.] The probative force of such evidence is not to be tested by that adduced by plaintiff alone, although every reasonable inference arising therefrom is to be taken as true; but it may also be aided by any of defendant's evidence that helps to make out plaintiff's case. [Hall v. Mfg. C. & C. Co., 260 Mo. l. c. 365; Stauffer v. Railroad, 243 Mo. l. c. 316.] Plaintiff's testimony was, that as he attempted to swing himself upon the car by grasping the stirrup, his feet or legs struck an obstacle, making a sound as of pieces of iron striking together; that the impact broke his hold on the car and he fell to the ground; that when he recovered from the condition of unconsciousness caused by the fall, he saw a keg of spikes near his feet. These spikes had been pulled from old ties in the track which had been removed and new ties and spikes substituted therefor. A short time before the accident, the track had been repaired at that point. The proof of this betterment, as explanatory of the reason for the presence of the keg and its contents, is aided by the physical fact that old ties that had been used were lying along the track. The inference made by the jury was, that the keg had been left at the point where found, as testified to by plaintiff, and that it had been so left by defendant's trackmen. Having made this inference, they were not required to indulge in speculation to determine if it might not have been placed there by some one other than the defendant. [Myers v. Pittsburg Coal Co., 233 U. S. l. c. 193, 58 Law. Ed. 911.] Generally, the determination of the proximate cause of an injury, whether it be the original negligence of one party or

275 Mo—30

the intermediate negligence of another, is ordinarily one for the jury. Direct evidence to establish this negligence is not required, but it may be sufficiently shown by inferences from the surrounding facts and circumstances. Proof of this nature, however, must do more than raise a conjecture as to the cause of the injury; it must show with reasonable certainty that the cause for which the defendant is sought to be held liable produced the injury. It is only when the evidence with all of the inferences that the jury may reasonably make therefrom, is insufficient to support a finding for the plaintiff, that the court is authorized to direct a verdict for the. defendant. A case should, therefore, be left to the jury under proper instructions, unless the conculsion follows, as a matter of law, that no recovery can be had on any view that may be taken of the facts which the evidence tends to establish. [Hall v. Mfg. C. & C. Co., 260 Mo. 1. c. 365; Wolfgram v. Mod. Wood. Am., 167 Mo. App. 220; James v. Mut. Reserve etc. Assn., 148 Mo. 1; Lac. Nat. Bk. v. Richardson, 156 Mo. 270; Deere Plow Co. v. Sullivan, 158 Mo. 440.] Under these general rules the jury was authorized in making the inference under the facts proved and the circumstances shown that the plaintiff's fall was caused by his striking against the keg, and that the trackmen of the defendant left the keg and its contents at the place where is was found after plaintiff's injury. This accords with reason, and excludes the inference of an impact with another object, or that the keg may have been left, at the point where found, by others than defendant's agents. Numerous reasons support this conclusion: the absence of any other obstruction that could have caused the injury; the evident recent improvement of the track; that the spikes were used only in this character of work; and that the keg and its contents were owned by and in the possession of the defendant. The evidence to sustain the verdict having been found sufficient under the rules stated, the alleged conflict in the testimony, however sharp it may be, cannot be interposed here to affect the verdict. This, for the

reason that in demurring to the testimony, the defendant admitted the truth of plaintiff's proof not only as to the affirmative facts adduced, but of every inference in their favor that the law will warrant. [Hanser v. Bieber, 271 Mo. l. c. 335; Meenach v. Crawford, 187 S. W. l. c. 882; Williams v. Railroad, 257 Mo. l. c. 112.] We decline, therefore, to interfere with the verdict on the ground that the trial court did not sustain a demurrer to the evidence.

II.   The giving of instruction numbered IV, at the request of plaintiff, as modified by the trial court, is complained of.   It is as follows: "You are instructed that before the plaintiff can be said to have

Instructions.   been guilty of contributory negligence, contributing directly to his own injury, if any, it must be shown that he knew, or had reasonable opportunity of knowing of the dangerous condition, if any, of the roadbed of which he complains, and appreciated, or under the exercise of ordinary care and prudence, should have appreciated the danger, if any, encountered, in time to have prevented injury, if any, to his person." To this was added by the court, the following: "And you are further instructed that the burden of proving contributory negligence on the part of the plaintiff is upon the defendant." The burden of defendant's complaint is directed against the addition to the instruction. This is urged as error, because it was not supplemented by the following: "unless the jury finds from plaintiff's own evidence and the witnesses introduced by him that he was guilty of contributory negligence."

This case was tried under the Federal Employers' Liability Act. The United States Courts have uniformly held in proceedings under this act, that as a matter of general law the burden of proving contributory negligence is on the defendant even in trials in states where it is held that the burden is on the plaintiff. [Central Vermont Ry. Co. v. White, 238 U. S. 507, 59 Law. Ed. 1433; Seaboard Air Line Ry. Co. v. Moore, 228 U. S. 433, 57 Law Ed. 907.] No testimony was offered by

defendant at the trial to sustain the contention here made, nor is it intimated in its brief as to the respect in which the plaintiff was guilty of contributory negligence; nor did the defendant ask any instruction or request the modification of the one given to cover the alleged error. Under this state of facts, where, as here, the instruction did not state what the plaintiff did, or knew, or was in a position to know, the failure of the court to give the same as now contended for, is not error. If the defendant desired an amplification or qualification of the instruction in order to present its point of view to the jury, an appropriate request therefor should have been made. If asked, its propriety then would have depended primarily upon whether there was testimony upon which it could be predicated. [Ill. Cent. R. R. Co. v. Skaggs, 240 U. S. 66, 60 Law Ed. 528.]

The Court of Appeals of Kentucky has recently considered the question here involved. Its apposite reasoning merits repetition. It is as follows: "But notwithstanding the Federal statute and the right thereunder to plead and rely upon the defense of contributory negligence, we think it is obvious that when there is no evidence tending to show that the plaintiff was guilty of contributory negligence, the jury should not be instructed on this subject, although that defense may be set up in a pleading. It is just as essential that there should be proof of contributory negligence as that there should be an allegation relying on this defense. If contributory negligence is not pleaded, of course an instruction presenting this defense should not be given, and if pleaded, and there is no evidence to support the plea, there should be no instruction." [Chesapeake & Ohio Ry. Co. v. Cooper, 181 S. W. (Ky.) 933.] But, if the instruction as modified by the court be subject to objection standing alone, its alleged omission is cured by the instructions taken as a whole. Those given for the plaintiff about which there is no question, and hence, not set forth herein, instructed the jury fully as to the facts necessary to be proved to enable plaintiff's damages to be determined, taking into consider-

ation the element of contributory negligence. In addition, defendant's instructions admonished the jury that before the plaintiff could recover, it was necessary that it be shown that he had exercised the ordinary care and caution of a reasonably prudent man in boarding defendant's train. Defendant's concrete contentions in regard to the vice in instruction numbered IV are, that it did not enable the jury to determine whether the plaintiff intelligently employed the means at hand to ascertain whether his footing was secure, and that there were no pitfalls or obstacles in his way, and whether or not it was negligence on his part to mount a moving train when he could have mounted it while standing still. Let us see if these contentions are well founded. Under the issue made by the pleadings, it devolved upon the plaintiff to prove that his injury was due to the negligent leaving of the keg of spikes upon its right-of-way by the defendant. Absent the keg, there could have been no negligence on the part of the defendant, and as a consequence, no injury to plaintiff for which damages might be assessed in his favor. The ground of negligence being thus limited, the plaintiff could not be held to have contributed to same, unless, in attempting to mount the train with knowledge of the keg's presence, he struck it and was thereby injured. Only upon this showing could the damages have been mitigated under the Federal Act, on account of plaintiff's contributory negligence. But defendant's plea of special contributory negligence on the part of the plaintiff was to the effect that, if the latter was injured at the time and place alleged, it was the result of his own negligence in attempting to climb on a moving train without properly using the stirrup. If this had been satisfactorily shown, it would have constituted a failure of such proof as is necessary to authorize a recovery, due to plaintiff's sole and not contributory negligence. There is, therefore, nothing in defendant's answer authorizing the modification of the instruction as now contended for. The duty of the jury upon a failure of proof due to

plaintiff's sole negligence was fully presented by instructions given for the respective parties.

A brief resume of the facts demonstrates the applicatory propriety of these instructions. Plaintiff was injured while in the discharge of his duties as a railroad brakeman, in attempting to mount a moving train. To accomplish this, it was necessary for him to grasp a stirrup or hand-hold, on the side of a car, and mount the same while running along-side of the train. In so doing, he was authorized in assuming that the right-of-way was clear of obstructions. Clothed with this presumption, it was not necessary for him to make an inspection of the right-of-way before attempting to climb upon the car. If this had been attempted, at the time of the accident, which was three o'clock in the morning, with his lantern light limited to a radius of five feet, such attempted inspection would have been ineffectual. Further than this, it would not have been possible for him to make such inspection, because when he grasped the stirrup to mount the car, his face was, of necessity, turned towards the train, and his vision thus directed. Such being the physical conditions, the existence of which, where not affirmatively shown, may be deduced from uniform human experience under like circumstances, the question of the plaintiff not having used means to find out the condition of the surrounding circumstances, as urged by the defendant, is eliminated from consideration. There was no evidence that the plaintiff did not use his lantern as far as it would afford aid in determining his surroundings, or that he did not attempt to mount the train in a proper manner. No defense, however, is urged upon his failure in either of these respects. The instructions given were ample to cover all of these alternatives. We are, therefore, authorized in assuming that the jury, in their deliberations, took into consideration these and all other questions submitted to them.

We have carefully examined the cases of Williams v. Railroad, 257 Mo. 87, and Hurst v. Railroad, 163 Mo.

309, cited by defendant, and find that the facts in each are so dissimilar from those in the case at bar, that the conclusions reached therein cannot properly be urged in support of the contention here made. There is no merit, therefore, in the objections urged to instruction numbered IV as given, and we so hold.

III. The contention is made that plaintiff's injuries were feigned and that his physical condition subsequent to the accident was due to a prior condition of impaired health. We have reviewed the testimony with

**Excessive Verdict.** care in this regard. Except to illustrate the contrariety of conclusions that may be reached by learned members of the medical profession as to the pathological condition of a subject, a detailed statement of this testimony would serve no useful purpose. A summary of same, which we regard as sufficient for a determination of this contention, shows that plaintiff's injuries resulting from the accident were a bruise on his thigh and back; hydrocele of the right testicle; rupture of a ligament of the cervical vertebrae resulting in a depression at the seventh vertebra; an injury to the spinal cord; paralysis of the lower limbs, involving the motor and sensory nerves; a subluxation of the lumbar vertebrae; anesthesia of the muscles and nerves of the back extending over the back from the shoulders to his waist line; a loss of the reflexes of the knees and feet; traumatic neurasthenia; and that the injuries are progressive and permanent.

In the enactment of the Federal Employers' Liability Statute, it was evidently the intention of Congress to render the liability in cases arising under the law uniform throughout the United States. The measure of damages, therefore, in such cases, is to be determined according to the provisions of the act itself and the general common law as administered by the Federal courts, unaffected by State legislation and the decisions of State courts, except as they may announce the common law. While, therefore, the difference between the measure of damages as determined by our

courts and that of the Federal courts is but slight, it is more in harmony with the purpose of the statute to adopt, in cases coming within its purview, the measure of damages sanctioned by the Federal courts. This course has been pursued in other jurisdictions (Nashville Railway v. Henry, 158 Ky. 88, 164 S. W. 1. c. 314; Panhandle Railway v. Brooks, 199 S. W. (Tex.) 665), and is recognized as the proper rule by the Federal courts (Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 499, 58 Law Ed. 1068, L. R. A. 1915C 1, Ann. Cases, 1915B 475; Chicago Ry. Co. v. Devine, 239 U. S. 52, 60 Law Ed. 40; Vicksburg Ry. Co. v. Putman, 118 U. S. 545, 30 Law Ed. 257).

No limitation is placed by the statute on the amount that may be recovered, except that of the damages actually sustained. [Chicago Ry. Co. v. Devine, supra; Devine v. Chicago, Etc., 266 Ill. 248; Thornbro v. Kan. Railroad Co., 91 Kan. 684, Ann. Cas. 1915D 314; Nash v. Minneapolis Ry. Co., 131 Minn. 166; Grybowski v. Erie Railroad Co., 95 Atl. (N. J.) 764.] There cannot be, on account of the difference in the facts, any hard-and-fast rule for the measurement of the damages. A similarity in the awards in cases of like injuries may serve as a general guide, but it furnishes no exact rule by which the damages may be estimated in a given case. [St. Louis Railroad Co. v. Craft, 115 Ark. 483, 171 S. W. 1185, affd. 35 Sup. Ct. R. 704.] The most reliable rule for the guidance of an appellate court in determining whether a verdict is excessive, is that, if sustained by substantial evidence, it will not be disturbed, unless the amount is such as to shock the judicial conscience, or there are indications that the jury was swayed by passion, prejudice, or in some way unduly influenced.

Viewing this verdict, therefore, in the presence of the catalogue of ills suffered by the plaintiff, as a result of his injury and, measuring the jury's estimate of his damages by the findings in other as nearly similar cases, of which the books bear witness, we are not impressed with the force of the contention that the verdict is so

excessive as to run counter to the rule stated. On the contrary, it is in our opinion, in the face of the facts as to plaintiff's condition, but a conservative compensation for the damage sustained. We are mindful of the fact that there was a conflict in the testimony of the experts as to the physical condition of the plaintiff. It was, however, within the province of the jury to determine which of the conflicting theories was correct. [Kane v. Railroad, 251 Mo. 13, 157 S. W. 644.] They have so determined and in the absence of even an intimation of bias, or other influence than the force of the facts, we will not disturb their finding.

IV.  It is urged that error was committed in the admission of the testimony of one of the physicians introduced by the plaintiff.  This inquiry was propounded to him: "Doctor, supposing that the injury you found was the result of an injury which happened on the 6th day of October, 1913, have you a judgment as to whether or not that condition will be progressive?"  After the interposition of a general objection by counsel for defendant, which would not authorize a review of this contention unless the inquiry was wholly inadmissible, the witness answered: "I think it highly probable that the trouble will progress, in view of what I have seen and the length of time he was hurt."  The further question was asked the witness: "and if progressive, what would be the result?"  To which he answered: "He will be rendered helpless." The objection to this testimony is that it permitted the witness to express his judgment on a probability or to base an opinion upon an opinion.  The hypothesis upon which the inquiry was made was based not upon an opinion, but an established fact, viz., that the plaintiff had struck the keg in attempting to mount the car, and had thereby sustained the injuries which had been found by the witness upon a personal examination, as a physician, to exist.  At best, testimony of this character is advisory and not conclusive.  Cognizable of this fact, the court gave the jury the usual instruction as to the weight to be

*Expert Testimony.*

given to the testimony of witnesses of this class. They were told, among other things, in the stereotyped language usually employed in this instruction: "that the opinions of expert witnesses neither establish nor tend to establish the truth of the facts upon which they were based." Thus guided, and otherwise fully instructed as to their province as judges of the weight and credibility of all the witnesses who had testified, the possibility of their being prejudiced or influenced one way or the other in reaching their verdict by the testimony of this witness, was exceedingly remote, if it existed at all.

However, the force of defendant's contention in this regard is dissipated when we find from the record that the same inquiries here complained of were propounded to and answered in a like manner by two other physicians, and no objections were interposed to their testimony. One will not be heard to complain of the admission of testimony over his objection, where evidence of the same tenor has been admitted without his objection. [Masonic Mutual v. Lackland, 97 Mo. 137; McPherson v. Andes, 75 Mo. App. 204; San Antonio v. Potter, 31 Tex. Civ. App. 263; Douglass Land Co. v. Thayer Co., 107 Va. 292; Galveston, etc., v. Baumgarten, 31 Tex. Civ. App. 253.]

This contention, therefore, having lost its force on account of the attitude in regard thereto of counsel for defendant at the trial, it is not necessary to discuss its alleged inadmissibility on the ground that it in any wise invaded the province of the jury, as we held in Deiner v. Sutermeister, 266 Mo. 505 and Castanie v. U. Rys. Co., 249 Mo. 192. The contention is, therefore, overruled.

It follows, therefore, that the judgment should be affirmed and it is so ordered. All of the judges concur.