John L. BAKER, Appellant,

v.

C. D. WOODBURY et al., Respondents.

No. 25946.

Missouri Court of Appeals,
Kansas City District.

March 5, 1973.

Louis Kranitz and Theodore M. Kranitz, St. Joseph, for appellant.

John A. Swearingen and Ronald E. Taylor, City Atty., St. Joseph, for respondents.

Before SHANGLER, C. J., and PRITCHARD, DIXON, SWOFFORD and WASSERSTROM, JJ.

PRITCHARD, Judge.

Appellant, who had been on the St. Joseph Police Department since March 16, 1970, was, on June 23, 1971, dismissed therefrom by letter from Chief of Police, Glenn E. Thomas, reciting: "You are hereby dismissed from the St. Joseph Police Department, effective this date, June 23, 1971, under the Discipline Rule of the City Personnel Manual, 3–J, which reads 'The employee is incompetent or inefficient in the performance of the duties of his position.' Mr. Baker, you have a right to appear before the City Personnel Board in regard to my decision if you so desire."

After two hearings concerning appellant, the Personnel Board advised the Mayor of its findings that appellant had driven a police car in excess of 100 miles per hour, endangering the lives of many people, which it considered evidence of incompetency, and that from the evidence of various witnesses it had determined that the behavior and attitude of appellant indicate that "he is incompetent and has performed inefficiently while on the police force." The Board recommended that appellant not be reinstated, which was concurred in by the Mayor. On petition for review, the circuit court affirmed the Board's findings.

In Point II, appellant asserts that the St. Joseph Police Department did not conform to the requirements governing the action of his dismissal "specifically in the manner set out in Paragraph IV of the Petition for Administrative Review" (filed in the circuit court). That paragraph set forth Rule XV2–E of the Personnel Manual of the City of St. Joseph:

"Dismissals will be made for inefficiency, insubordination, mis-conduct, or other just cause, and no other reason. Termination of employment of classified employees of the City shall be made in the following manner only:

A Department Head for just cause only, and subject to the approval of the Mayor, may dismiss any classified employee in his Department. The Department Head must give the employee a written notice of his dismissal, including the specific reasons therefor, and must send a copy of the notice to the Director of Personnel. Notice of dismissal shall be given at least one calendar week prior to the proposed effective date of the ac-

tion. After receiving notice, but prior to the proposed effective date of the actual dismissal, the employee may be retained on duty status, placed on leave or suspended without or with pay as determined by the Mayor."

■ In the circuit court petition it is set forth further (for the first time) that the notice to appellant was void because, "(a) Said notice failed to specify any act or acts of plaintiff which constituted the conclusion therein set forth; (b) Said notice purported to be effective immediately, rather than after one calendar week; (c) Said notice was not given prior approval by defendant Bennett; [and] (d) No determination by defendant Bennett as to temporary status was made or served." Without specifying any of these matters, appellant appealed his dismissal to the Personnel Board, and entered into the hearing thereon without calling any attention to the procedural deficiencies of his notice of dismissal. Concededly, the prescribed procedures were not followed by the Chief of Police or the Mayor, but the matters were not called to their attention, nor to the Personnel Board so that corrective measures could have been taken at that stage. In such circumstances, appellant must be held to have waived the matter of proper notice and action by the Chief of Police and the Mayor, and he may not therefor raise the issue for the first time in circuit court. 66 C.J.S. Notice §§ 15 and 16, pp. 653, 655; compare Thurman v. James, 48 Mo. 235, 236.

■ There was further no request for a statement of facts to support the reason stated in Chief Thomas' letter of dismissal. Rather, appellant went into the Personnel Board hearing where the whole matter of his competency, attitude, behavior and efficiency was aired. One contention is made by appellant as to the receipt in evidence of letters from the Physical Training Instructor of Police Academy at Independence, Missouri, which appellant attended in June, 1971. The letters related, in general, to appellant's poor attitude, behavior and accomplishment at the academy, and certainly, as appellant asserts, they were hearsay evidence. They were, however, merely cumulative to other hearsay testimony of Chief Thomas, not objected to, as to appellant's record at the academy which was: "Q. (By Mr. Taylor) Did Officer Baker attend this academy? A. He started down there, and he had difficulty, evidently, right off the bat. I was down there for the graduation of the class ahead of this one, I think this was the second week, and I run into one of the instructors over where they have the graduation, and I asked him how our men was doing. He said 'Fine, except one. I'm sorry to tell you I had to call one of your men in and talk to him.' And, I asked him who, and he said Mr. Baker. It seemed like there was problems all along. * * *." "One will not be heard to complain of the admission of testimony over his objection, where evidence of the same tenor has been admitted without his objection." (Citing cases.) Laughlin v. Kansas City Southern Ry. Co., 275 Mo. 459, 205 S.W. 3, 8 [13]. See also, Kelly v. Rieth, Mo.App., 168 S.W.2d 115, 118 [1]; Anderson v. Welty, Mo.App., 334 S.W.2d 132, 139; State v. Warner, Mo. App., 361 S.W.2d 159, 163, et seq.; and compare Boten v. Brecklein, Mo., 452 S. W.2d 86, 95–96. There was much hearsay testimony, to which no objection was made (see Ellis v. State Department of Public Health and Welfare, Mo.App., 277 S.W.2d 331, 335 [5–7]), by other witnesses, and much which was not hearsay in nature, as to Officer Baker's performance of his duties while on the police force. The record has been reviewed, and it must be concluded that the findings and recommendation of the Personnel Board are supported by substantial evidence. Wood v. Wagner Electric Corporation, Banc. 355 Mo. 670, 197 S.W.2d 647, 649 [1–5]; Old Fortress, Inc. v. Myers, Mo.App., 453 S.W.2d 692, 695.

Appellant's motion to strike "Statement of Jurisdiction" and "Statement of Fact"

from respondent's brief is overruled because it is clear that this court has jurisdiction of the appeal, and that respondent's statement of fact is not inaccurate or unfair.

The judgment is affirmed.

All concur.

CROSS, J., not participating.