HARRIS AND ANOTHER V. A. B. LEAVITT.

Where an exception is taken to the exclusion of a deposition, the bill of exceptions should contain the deposition.

It seems that a bill of exceptions to the exclusion of a deposition should show that it was not objected to on the ground that it was informally taken and returned, or should show that it was formally taken and returned.

Where one party applies for a commission to take the deposition of a witness, and the adverse party fails to file cross-interrogatories, the party at whose instance the commission was issued, may decline, on the trial, to read the deposition, and the adverse party will have no right to read it.

Appeal from Galveston. Tried before the Hon. Nelson H. Munger.

Harris & Lacy filed their petition in the District Court of Galveston county, alleging that plaintiffs, being merchants residing and trading in New Orleans, La., sold and delivered for cash payable on immediate demand, on the 5th day of that month, to Palmer & Luce, (also merchants residing in New Orleans at the time of the sale,) 171 barrels of flour, at the rate of $4 65 per barrel ; that Palmer & Luce, having obtained possession of the flour by promising to pay for it on delivery, failed and refused to pay for it, but immediately shipped it to Texas, consigning it in part to E. O. Lynch, of Galveston, and in part to Samuel A. White & Co. of Calhoun Co. ; that Palmer & Luce thereupon made a pretended sale of the flour to A. B. Leavitt, who paid no consideration therefor, but was in reality their agent, and acting for their benefit ; and that the pretended purchase by Leavitt was a fictitious and covinous arrangement between him and Palmer & Luce to defraud the plaintiffs. Palmer, Luce & Leavitt were made defendants, and the petition sought, in addition to a judgment against Palmer & Luce, an attachment, and also writs of garnishment against

E. O. Lynch, Samuel A. White & Co. and Leavitt, and an order annulling the pretended sale to Leavitt, and subjecting the flour to the payment of the plaintiff's demand.

Palmer & Luce appeared in person and filed their answer, admitting the justice of plaintiff's demand, and submitting the case to the Court for such judgment or decree as might be proper in the premises. At the same time Leavitt appeared, by attorneys, and put in his answer.

At the Spring Term, 1852, plaintiffs filed an amended petition, to which were annexed interrogatories to the defendant, Palmer, together with Palmer's answers under oath.

At the Spring Term, 1853, plaintiffs obtained a verdict against Palmer & Luce for the sum of $795 15. We further find (says the jury) for the plaintiffs against the defendant, Leavitt, that the proceeds of 171 barrels of flour purchased by him from the defendants, and in his possession, or that of his agents, the garnishees in this case, being the same flour which was sold by the plaintiffs to said defendants, is subject and liable to pay the said amount of $795 15. We further find that the remainder of the property and effects attached in the hands of said Leavitt and the other garnishees, belong to the said defendant Leavitt. But upon the application of Leavitt, a new trial was granted, as to him.

At the Fall Term, 1854, the case proceeding to trial, plaintiff's offered in evidence, 1st, the answer of Palmer to the interrogatories annexed to the amended petition ; 2dly, the deposition of Palmer taken on commission ; 3dly, the depositions which had been taken by defendants, returned into Court and opened, but which had not been crossed by plaintiffs, and were not sought to be used by the defendants on the retrial : all of which testimony was excluded by the Court, and the plaintiffs excepted.

Plaintiffs offering no further evidence, the case was submitted to the jury, who returned a verdict for the defendant. Plaintiffs appealed ; assigning as error the exclusion of the

testimony offered in their behalf in the Court below. The depositions which had been taken by defendants were set out at length in the bill of exceptions, but the answer of Palmer and his deposition, taken by the plaintiffs, were not, and were not otherwise referred to than by their names.

*Sherwood & Goddard,* for appellants.

*D. D. Atchison,* for appellee.

LIPSCOMB, J.   The error assigned is the rejection by the Court below, of evidence offered by the appellants, who were plaintiffs in the suit.   The bill of exceptions, taken by the plaintiffs and allowed and signed by the Court, shows "That "the plaintiffs offered in evidence the answers of Palmer, to "the interrogatories annexed to the petition, and also the de- "position of said Palmer, taken by the plaintiffs, on commis- "sion, which were objected to by the defendant's counsel and "excluded by the Court; to which ruling and decision plain- "tiffs excepted.   The plaintiffs then further offered the depo- "sitions of Crosland, Wetter and Wendell, on file, which had "been taken by the defendant, returned into Court and open- "ed, but which were objected to by the defendant's counsel, "on the ground that they were defendant's proof and could "not be used by the plaintiffs.   The Court decided that, unless "the interrogatories had been crossed by the plaintiffs, they "were not entitled to use the depositions in evidence, and it "not appearing that said interrogatories had been crossed, the "Court excluded the depositions, to which plaintiff's counsel "excepted."

These last depositions, of the three witnesses, taken by the defendant, are set out at length in the bill of exceptions, and constitute a part thereof.   But no further reference is made to the deposititions of Palmer, than before stated; nor are they referred to in any way and made a part of the record.   There is no statement of the facts.   There are certain depositions of

Palmer, taken by the plaintiffs, copied in the record sent up, but no authority is shown for making them a part of the record, and they cannot be regarded as properly belonging to the record, there being nothing, as before stated, to show that they were the same offered and rejected by the Court.

But there is another objection to our receiving the deposition of Palmer. It is not shown by the record, or bill of exceptions, on what ground they were ruled out ; and if we were to receive the copy of them in the record, as the same that was rejected, there is no evidence that they were taken and returned in conformity to the requisitions of law. The fact of the other depositions, offered and rejected, being embodied and made a part of the plaintiff's bill of exceptions, and the deposition of Palmer not so included, would raise the presumption that the latter had been rejected on the ground of its not being taken and returned in conformity with the statute.

We therefore believe that but one question is raised by the record, for our consideration : the refusal of the Court to allow the plaintiffs to use in evidence the depositions taken by the defendants, on the ground that they had not been crossed by the plaintiffs. This is not now an open question. This Court decided in the case of Norvell v. Oury, (13 Tex. R. 31,) under our statute, (Hart. Dig. Art. 731,) " that where one party " applies for a commission to take the deposition of a witness, " by interrogatories, and the opposite party fails to file cross " interrogatories, the party at whose instance the commis- " sion was issued, may decline, on the trial, to read the depo- " sition, and the opposite party will have no right to read it." On that adjudged case, we affirm the judgment in this.

Judgment affirmed.