J. B. BRANDON v. LEANDER H. McNELLY AND WIFE.

1. FAILURE TO CROSS INTERROGATORIES.—A party not crossing interrogatories cannot use the depositions, and the rule is not changed by the fact that the interrogatories were propounded to several witnesses, and the depositions were taken and returned together, and the depositions of the other witnesses had been read by the party taking the testimony.

2. HEIRSHIP—PRESUMPTION.—It will not be presumed where a grant of land had been issued to a married man that the wife survived the husband. Proof of heirship to the husband in a suit by an heir is sufficient as against a trespasser.

APPEAL from Denton.   Tried below before the Hon. C. C. Binckley.

Carrie McNelly joined with her husband, Leander Mc-Nelly, brought an action of trespass to try title against J. B. Brandon for 640 acres of land patented to John Cheek.

It was alleged and proved that Carrie McNelly was the only child of John Cheek, who died in 1848, and that she intermarried with Leander McNelly in 1865.

The defendant pleaded three, five, and ten years' limitation, and that the wife of John Cheek survived him; and claimed that upon the pleadings and evidence the plaintiff was entitled to but one-half of the tract.

The plaintiffs on the trial read the patent to John Cheek, of date 1847, and read the depositions of O. H. P. Garret proving the death of Cheek and that Carrie was his only child.

The defendant offered to read in evidence the depositions of one Watson, taken by the plaintiffs; to which plaintiffs objected, because the defendant had not filed cross interrogatories to the witness, and that under the statute the depositions could not be used by defendant without consent of plaintiff, the defendant insisting upon reading the deposition, on the ground that it had been taken jointly with the depositions of others which had been read.   The testimony was excluded.

The court instructed the jury: "If you find and believe from the evidence that the plaintiff, Carrie McNelly, is the child of John Cheek, and that he is dead, and that said Carrie is the only child of said Cheek, and that the patent read in evidence issued to John Cheek is for the land described in the petition, you will find for the plaintiffs, and against the defendant."

The verdict was for plaintiffs.   Motion for new trial being overruled, defendant Brandon appealed.

*D. E. Thomas* and *Welsh & Piner*, for appellant.

*J. A. Carroll*, for appellees.

MOORE, ASSOCIATE JUSTICE.—It has been repeatedly decided by this court that a party is not entitled, if objection is made to its introduction, to use a deposition taken and filed by his adversary when he has failed to propound cross interrogatories to the witness.   (Norvell *v.* Oury, 13 Tex., 31; Harris *v.* Leavitt, 16 Tex., 340; Town of Refugio *v.* Byrne, 25 Tex., 193.)

The fact of a deposition of another witness taken by the same officer, on interrogatories propounded in common to two witnesses, having been read by the party at whose in-

stance it was taken, does not vary the rule, though, for convenience and economy, one set of interrogatories may be propounded jointly to all the witnesses on the points to which their testimony is applicable; and for like reasons the depositions of all of them may be returned into court by the officer by whom they are taken under cover of a single envelope; still, when offered in evidence, it is the separate deposition of each witness whose testimony is proposed to be read to the jury, and not the common deposition of all whose answers have been taken and returned by the commissioner, upon which the court is called to pass. The right of the party taking such depositions to have the evidence go to the jury depends upon the competency and admissibility of the testimony of each individual witness when offered; so the right of the other party to use the deposition of the particular witness whose evidence he may desire to submit to the jury depends upon the fact that he has taken the necessary steps to secure such interest in it as gives him this right.

The court did not err in refusing the charges asked by appellant. There is certainly no presumption of law that the grantee of a certificate for six hundred and forty acres of land by a board of land commissioners, at the date of the alleged grant to the ancestor of appellee, Mrs. McNelly, left a wife surviving him at his death; nor did the evidence before the court, or matters alleged by appellees in their petition, warrant the assumption of facts or conclusions of law contained in the instructions asked.

The proof of the death of the patentee, and that Mrs. McNelly was his sole surviving heir, was unquestionably sufficient to establish her *prima facie* right to a judgment for the entire land, as against a mere naked trespasser.

There is no error in the judgment, and it is affirmed.

                                        AFFIRMED.