CITY OF SAN ANTONIO v. W. H. POTTER.

Decided January 21, 1903.

**1.—Personal Injury—Pleadings.**

Where the petition in an action for personal injuries consisted of positive, though alternative, allegations, the court properly overruled special demurrers urged upon the ground that its allegations were inconsistent, vague and indefinite.

**2.—Same—Objection to Evidence.**

Where in a personal injury case a physician was asked whether, from his examination of plaintiff, plaintiff impressed him as a temperate or intemperate man, and objection was made on the ground merely that the question was not a proper one, such objection was correctly overruled, as no ground therefor was stated.

**3.—Same—Contributory Negligence—Charge.**

Where in an action for personal injury the court charged that plaintiff was bound to use ordinary care to prevent accident, and if he failed in this, and if such failure contributed to his injury, he could not recover, such charge did not present reversible error for failure to add "though the jury should also believe that the defendant was negligent."

**4.—Same—Act of God—Washout—City Bridge.**

Evidence, in a personal injury case against a city for permitting an approach to a bridge to become defective, which showed that nearly two months before the accident a heavy rain had damaged the approach; that the bridge had been washed out several times; that about the time of the accident, and before, several bridges had been washed out; that on the evening of the accident a heavy rain fell and washed out the bridge and injured the approach; and that no notice had ever been given the city of the defects in the approach,—was not sufficient to warrant submitting the issue as to whether the condition of the approach was caused by the act of God.

**5.—Same—Contributory Negligence—Burden of Proof.**

The defendant in an action for personal injuries can not complain of a charge that the burden of proof is on it to show contributory negligence, unless plaintiff's testimony has made a prima facie case of contributory negligence.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Frank H. Wash,* for appellant.

*Shook & Vanderhoeven* and *James Routledge,* for appellee.

JAMES, CHIEF JUSTICE.—W. H. Potter sued the city for damages for personal injury alleged to have been sustained by his falling through an aproach to a bridge, which had become undermined, and in respect to which the city had been negligent.

The city answered by demurrers, denial, and plea of contributory negligence and assumed risk, also that the condition of the approach was due to the act of God, in this, that a few days on or before the 29th of July, 1900, heavy, unusual and continuous rains fell in and around San Antonio, and that on the night of July 29, 1900, the date plaintiff alleges he was injured, there was a sudden and unusual rainstorm which washed away parts of the bridge and approaches thereto; that defendant

did not know the bridge or its approaches were injured, and could not by the exercise of reasonable care have ascertained such fact in time to have repaired same prior to the accident. The verdict was for plaintiff in the sum of $2000.

As conclusions of fact we find in deference to the verdict that plaintiff received his injury from the caving in of a street at and upon an approach to one of defendant's bridges within the city, and upon that portion of the street and approach which was in use by the public and apparently safe; that this unsafe condition of the place through which plaintiff fell was due to the negligence of defendant; that plaintiff had no knowledge of the unsafeness of the place, and was in the exercise of ordinary care.

By the first and second assignments the point is made that the court erred in overruling special demurrers complaining of the petition that its allegations were so inconsistent, vague and indefinite as to leave defendant in doubt as to what negligence it was charged with. We overrule this assignment. The petition consists of positive though alternative allegations. Floyd v. Patterson, 72 Texas, 236; Ewing v. Duncan, 81 Texas, 236. In the case of Railway v. Clark, Receiver, 21 Texas Civ. App., 167, similar demurrers to a petition were held properly overruled.

The third assignment is also overruled. The bill of exceptions discloses as follows: Question to a physician: "From the examination that you have made of him (plaintiff) and in the opportunities you had of examining him as to his disease, what did he impress you as being, a temperate or intemperate man?" Whereupon counsel for defendant stated: "I object to that. I don't think it is a proper question." The court overruled the objection, and the witness stated: "Knowing the possibility of this condition being brought on by a constant or excessive alcoholism, I examined very carefully these manifestations of that disease." To which ruling of the court defendant excepted. Then the bill of exceptions proceeds as follows: "This bill is given with the qualification that thereafter said witness was permitted to testify without objection by defendant as follows: Witness stated that he had examined Potter and was then asked the question: 'In regard to the excessive use of tobacco or alcohol, did you examine that carefully?' 'Yes, sir.' 'Did you find any symptoms?' 'I am free to say that I didn't find any.'"

It is quite clear from the recitals of this bill that defendant has not saved any point. The objection made did not present the ground, if any, upon which it was intended to be based, and was not entitled to consideration as an objection. And on that occasion there was no answer evoked of which it could complain. Afterwards, and presumably at a later stage of the examination, the question was renewed and allowed to be answered without objection.

The fourth assignment is not well taken. Mrs. Spruce was asked the question: "What was the condition of the bridge; was it in good or bad condition?" To which she answered, "I should say the bridge was in a

bad condition." The objection made to the question was that plaintiff had alleged that he fell through an approach to the bridge and not through the bridge, and because the question should be confined to the condition of the spot or place where plaintiff actually fell.

The particular point we need not decide. We may assume that the evidence was improper, yet a number of other witnesses were allowed to give substantially the same testimony without objection. Under such circumstances the judgment will not be disturbed. Railway v. John, 9 Texas Civ. App., 342, 29 S. W. Rep., 558; Railway v. Kindred, 57 Texas, 491.

The fifth insists that the following requested charge should have been given: "Persons traveling upon the streets and bridges must use due care to avoid accidents, and if you believe from the evidence that the plaintiff failed to use that care under all the circumstances in evidence which a person of ordinary prudence would have used under such circumstances, and that such want of care on his part contributed to cause the alleged injury, you should find for the defendant, though you should also believe that the defendant was negligent."

The court in the first paragraph charged in substance that if the injury was proximately caused by defendant's negligence, etc., and the jury further found that plaintiff did not know of the unsafe condition of the approach, if unsafe, and that plaintiff was not guilty of contributory negligence which caused or contributed to his injury, to find for plaintiff. After this followed a proper charge on assumed risk, and the jury were told that plaintiff could not recover if he assumed the risk. Then the court charged: "You are further charged that persons using the streets of said city are bound to use ordinary care to prevent accidents and injury to themselves, and if you find that plaintiff failed to use such care and that such failure, if any, either caused or contributed to his injury, if any, then plaintiff can not recover."

It will be seen that there is nothing in the requested charge but what was given, except the concluding words, "though you should also believe that the defendant was negligent." We can not believe that the failure of the court to add those words to its charge on contributory negligence should entitle defendant to a reversal of the judgment. In view of what the court did charge these words would amount to a repetition or emphasis. The court told the jury to find for plaintiff, if defendant was negligent, unless he was negligent himself, and again not to find for plaintiff if he himself was guilty of contributory negligence. It seems to us that no jury of ordinary intelligence would fail to comprehend the effect and meaning of these instructions, or that the omitted language was necessary to enable them to properly understand them.

The sixth assignment complains of the refusal of the charge: "You are hereby charged that, although you may believe from the evidence that the approach to the said bridge was in a defective condition, and that plaintiff was injured by reason of such defective condition, still, if you believe that such defective condition was caused by an act of God, by

which is meant in this case heavy and unusual rains such as could not have been foreseen by the defendant by the exercise of ordinary care, then you must render a verdict for the defendant."

We think the charge was properly refused because the testimony did not warrant submitting the issue. We have not read all the testimony, some seventy-two pages of typewritten matter, but shall quote the statement in appellant's brief, which presumably presents in the strongest light all the evidence which could be found to support the claim that such issue was raised:

"The last time I was over that bridge before I was hurt was the night before. Saturday night, going from my shop, I crossed that bridge; got off the car and crossed that bridge going home. When I went over the bridge that night it appeared safe. I had not been across the bridge in daytime for three or four days. When I crossed over it in the daytime I judged it to be safe previous to the accident. (Testimony of William Potter, Trans., pp. 32, 33.) On the night when this accident occurred I was at home. My little daughter had gone to her uncle's on Pierce Avenue right after dinner and was to be back that afternoon late. There came up a rain, it got pretty cloudy, we had quite a shower of rain. (Testimony of William Potter, Trans., p. 32.) That night it was lightning, a constant flash of lightning; I could see glimpses of the road as I walked along and that's how I kept in the road. (Testimony of William Potter, bottom p. 33 and top p. 34.) Prior to July 29, 1900, there had been a rain of consequence in May, about 7th or 8th. There had been no rain of any consequence between May 7th or 8th and July 29th. It was right after that rain in May that I first noticed the bridge had caved in on the south side of the west end. It was after that rain that it showed the hole there where it had caved in. That was a pretty heavy rain. The water came down off the heights with a tremendous force, and it washed those holes there caved in at the bridge. There have been heavier rains since that. I have seen it rain harder out there than it did at that time." (Testimony of William Potter, Trans., bottom p. 34 and top p. 35.)

"I remember a rainfall early in May that washed that bridge terribly. (Testimony of S. R. Wilson, Trans., p. 57.) Along the main portion of the road where it ran between those two washes the road looked all right, appeared to be sound and safe. (Cross-examination of S. R. Wilson, Trans., p. 58.) I suppose it was something like three miles out there from the center of the city." (Recross-examination of S. R. Wilson, Trans., p. 59.)

"About the 29th of July, 1900, and before, we had very rainy, muddy weather; several bridges were washed out. The bridge on South Flores street was washed out three times during the first part of 1900. There was also one over San Pedro Creek and one over Tampico street washed out. Prior to the 29th day of July, 1900, I never received any notice in regard to this bridge being defective." (Testimony of R. G. Scott, Trans., p. 67.)

"There was a heavy rain the night he got hurt that washed out the bridge. (Testimony of J. W. Mathis, witness for plaintiff on redirect examination, Trans., p. 94.)"

Defendant's plea alleged "that a few days on or before the 29th of July, 1900, heavy, unusual and continuous rains fell in and around the city of San Antonio, and that on the night of July 29, 1900, the date plaintiff alleges he was injured, there was a sudden and unusual rain-storm which washed away parts of said bridge and the approaches thereto, as well as most all of the smaller bridges in and around the city of San Antonio." It has been held by the Court of Civil Appeals for the Third District that these allegations are insufficient to constitute a defense. Railway v. Davidson, 25 Texas Civ. App., 134, 60 S. W. Rep., 278. But whether this ruling be correct or not, the testimony here relied on to support such defense is insufficient. It showed that such floods had been frequent. The strongest testimony cited by appellant in the above statement is that of the witness Mathis. His testimony is quoted only in part. He testified that the bridge had been washed out several times. Railway v. Pomeroy, 67 Texas, 498; Railway v. Hadnot, 67 Texas, 506; Railway v. Johnson, 72 Texas, 102.

The seventh assignment complains of the instruction that the burden was on defendant to show that plaintiff was guilty of contributory negligence. It is claimed that the rule stated in Railway v. Hill, 29 Texas Civ. App., 12, 69 S. W. Rep., 140, applies. The testimony introduced by plaintiff does not, in our opinion, make a prima facie case of negligence on his part; and it would have been improper upon such testimony to instruct the jury to find against plaintiff. In fact there is some doubt in our minds as to the entire evidence being such as to require that issue of contributory negligence to be submitted. There was no error in giving the charge, so far as appellant is concerned.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.