### P. C. Maricle v. McAlister Fuel Company.

Decided April 10, 1909.

**1.—Appeal—Defective Brief.**

A Court of Civil Appeals is not required to consider an assignment of error based upon the admission in evidence of certain bills of lading, when the statement under the assignment does not contain either the bills of lading or the bill of exception to their introduction in evidence, nor a reference to the pages of the transcript where those documents might be found.

**2.—Same—Bill of Exception to Evidence.**

A bill of exception to the admission in evidence of a bill of lading on the ground that there was no proof of its execution, should show that there was in fact no such proof. A mere objection on that ground is not sufficient.

**3.—Same.**

Objections to evidence will be confined to the particular objections shown by the bill of exception.

**4.—Evidence—Bill of Lading.**

The fact that it appeared upon the face of a bill of lading that it was made "subject to correction" would not affect its competency as evidence when

there was no evidence that a correction had been made or that ground therefor existed.

**5.—Trial—Charge—Practice.**

It is not error for the trial court to fail to submit a ground of defence which the evidence does not present.

Error from the District Court of Wichita County. Tried below before Hon. A. H. Carrigan.

*L. H. Mathis,* for plaintiff in error.

*J. T. Montgomery,* for defendant in error.

CONNER, CHIEF JUSTICE.—The McAlister Fuel Company, on the 13th day of October, 1905, sued P. C. Maricle in the District Court of Wichita County, alleging that it had shipped and tendered to said Maricle at Wichita Falls nine cars of Wilburton coal ordered by him, worth nine hundred and nine dollars; that Maricle had refused to receive and pay for the coal, which necessitated a disposition thereof by the fuel company, which it did, realizing therefrom the net sum of seventy dollars. For the difference, eight hundred and thirty-nine dollars, the fuel company sued. The defendant, Maricle, answered by a general denial, and the trial before a jury resulted in a verdict for the fuel company for the full amount sued for.

In the first assignment objection is made to the introduction in evidence of "nine bills of lading and waybills purporting to have been executed and delivered to the plaintiff by the railway company in the Indian Territory," on the ground, among other things, that "no proof was offered tending to show that they were executed by the parties pretending to have executed them." It seems difficult to avoid the force of defendant in error's objections to this assignment. Neither the bills of lading objected to, nor the bill of exception taken to their introduction, is set out in the statement given in support of the assignment; nor is reference to the pages of the transcript made to enable this court to readily examine the bills of lading and bill of exceptions. We have, however, taken the pains to search the record for the bill of exceptions and find therein only what purports to be the substance of the bills of lading, but no statement in verification of the objection that there was no proof of their execution. The mere objection on this ground is insufficient. (Terrell v. McCown, 91 Texas, 231.)

The further objection we find in the bill, that so far as those bills of lading were sought to be introduced as tending to show the quality or the weight of the coal shipped in said cars, that it appeared upon the face of said bills of lading that those matters were "subject to correction, and that therefore the defendant was not bound thereby even if proof of the execution thereof had been shown." The bill must be limited to the particular objection made. See Minor v. Powers, 38 S. W., 400. So limited, we see nothing prejudicial in the admission of the bills of lading. Merely because they were made "subject to correction" can not be material when nothing in the evidence is pointed out tending to show that there had been a correction or that ground

therefor existed. The recitations relating to the quality and weight of the coal were, as to plaintiff in error, as suggested in his brief, no doubt hearsay, but this objection does not appear from the bill of exceptions to have been made at the time. Had it been done, for aught that we can say, defendant in error might have answered it by indisputable proof. Indeed, nothing in the statement under the assignment indicates that there was any dispute as to either the quality or weight of the coal. So that on the whole we think the assignment of error must be held to be of no avail.

Under the second and fourth, and the third and fifth assignments of error, the court's charge is attacked on the ground that thereby plaintiff in error's defenses were improperly limited. His only defense pleaded was a general denial, but the court charged the jury to the effect that if they found that the coal shipped to Wichita Falls on his order was not "Wilburton" coal, or had not been transported and delivered at Wichita Falls within a reasonable time, they would find for defendant, "provided defendant refused to accept said coal" on such grounds. It is said in the statements in aid of these assignments that "Maricle himself had testified that when he refused to accept the coal he had not even seen the bills of lading and did not know that the coal had not been shipped from the mine at Wilburton," and that "the testimony of the plaintiff's witness, Hightower, tended to show that Maricle did not give any reason at all for refusing to receive the coal, except that he was overstocked with coal." It is doubtless true, as insisted, that plaintiff in error could not be deprived of any just defense he had on the ground merely that he failed to base his refusal to receive the coal on such defense, but we find nothing in the statement referred to which shows that the evidence raised the issues of the special defenses mentioned and submitted. We can not, therefore, say that there was prejudicial error in the charges complained of.

The remaining assignment is to the effect that the verdict of the jury is "wholly unsupported by and is against the great weight of the evidence," in that: "First, there was not proper or sufficient evidence introduced upon which the jury could ascertain the quantity of coal shipped by plaintiff to defendant; second, the weight of the testimony supported the contention of the defendant that the coal was not shipped to him by plaintiff within a reasonable time after the plaintiff had received his orders; third, the weight of the evidence supported defendant's contention that six cars of said coal was not Wilburton coal, as defendant had ordered." The evidence relating to the first and second objections above quoted is not pointed out and the testimony relating to the third seems almost undisputed to the effect that the United States Geological Survey places coal in the Indian Territory in two classes, one known as the McAlister vein and the other as the Wilburton vein, and that all coal mined from the Wilburton vein is known commercially as "Wilburton" coal, and that all coal shipped Maricle was mined from this Wilburton vein. That such classification was unknown to plaintiff in error or unknown in Wichita Falls can avail him nothing in view of the practically undisputed fact that he ordered Wilburton coal and was tendered coal of that class as estab-

lished by the testimony of many witnesses of large experience from many different portions of the country.

We conclude that the judgment must be affirmed, and it is so ordered.

*Affirmed.*