### BAKER v. FARMERS' WELFARE UNION.*
### (No. 564.)

Court of Civil Appeals of Texas. Waco.
Oct. 6, 1927.

Rehearing Denied Dec. 1, 1927.

**1. Agriculture ⬅6—Petition in corporation's suit against employee for recovery of assets to which it claimed title held sufficient to support recovery prayed (Rev. St. 1925, art. 5737 et seq.).**

Petition in suit by a farmers' welfare produce association, incorporated under Rev. St. 1925, art. 5737 et seq., to recover from former employee certain personal property used in the business and certain money which plaintiff claimed had accrued from business, *held* sufficient to support recovery prayed for.

**2. Agriculture ⬅6—In suit by farmers' association to recover assets from former employee, allegations of petition held not to show corporation exceeded powers in conducting business (Rev. St. 1925, art. 5737 et seq.).**

In suit by farmers' welfare organization, incorporated under Rev. St. 1925, art. 5737 et seq., against former employee to recover furniture and fixtures used in business and funds held by employee and allegedly belonging to association, allegations of petition *held* not to show that corporation had exceeded its charter powers in the manner in which it conducted its business.

**3. Appeal and error ⬅1050(1)—Appellant could not complain of admission of evidence over objection, where same evidence was subsequently given by others without objection.**

Appellant could not complain of admission of evidence, where same evidence was subsequently given by other witnesses without objection thereto by appellant.

**4. Corporations ⬅387(2) — Defendant could not defeat corporation's recovery of property on plea that ownership of such property was beyond corporate powers, which question can be raised only by state.**

In suit by corporation against former employee to recover personal property and funds allegedly belonging to corporation as having accrued from business conducted by defendant for corporation, defendant could not defeat recovery on plea that ownership of such property was, ultra vires, since corporation's right to hold property and conduct business as it did could be questioned only by the state.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed.

**5. Evidence ⬤➝113(21)—That corporation continued in business and needed property sued for in conducting same held pertinent testimony on issue of reasonable value of use.**

In suit by corporation to recover from former employee certain property belonging to corporation, fact that corporation continued in business in which such property was used and needed it in conducting such business *held* pertinent testimony on issue of reasonable value of use of property.

**6. Appeal and error ⬤➝499(3)—Bills of exception to exclusion of evidence, not showing grounds of objection, will not be considered on appeal.**

Bills of exception to exclusion of evidence, not showing grounds of objection, will not be considered on appeal.

Appeal from District Court, Coryell County; Joe H. Eidson, Judge.

Suit by the Farmers' Welfare Union against Charles E. Baker. Judgment for plaintiff, and defendant appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant.

McClellan & Cross, of Gatesville, for appellee.

GALLAGHER, C. J. Appellee, Farmers' Welfare Union, a corporation, instituted this suit against appellant Chas. E. Baker to recover $779.04 in money and certain personal property which appellee alleged appellant unlawfully withheld from it, and also to recover the reasonable value of the use of such personal property during the time it was withheld. Appellant claimed all said money and property as his own.

Appellee is a marketing association, incorporated under the provisions of articles 5737 et seq. of the Revised Statutes of 1925, under the name of Farmers' Welfare Union. Said association was formed about July 1, 1924, but the articles of incorporation were not filed in the office of the secretary of state until July 30, 1924. Prior to the organization of said association a similar association known as Farmers' Labor Union had been organized, had functioned for a time, and had been abandoned. Appellant was its business agent until it dissolved. Appellant was a moving spirit in the organization of the Farmers' Welfare Union and became its first business agent. The membership thereof was composed largely of members of said former association. Appellant was at the time of his employment as business agent for appellee, running a produce business. Such business had been run at one time in the name of the Farmers' Labor Union, but the evidence is conflicting with reference to whether at the time of such employment such business was being run in that name or in appellant's individual name.

The evidence is also conflicting with reference to whether appellant was employed by appellee only to grade, class, and market cotton for the members of the association, or whether in addition thereto he was employed to also run a produce business. During the whole term of his employment he graded, classed, and marketed cotton for the members of the association. He kept, in connection with the discharge of such duties, a bank account in the name of said association. During the whole of said term of employment he also ran a produce business, buying and selling chickens, eggs and other farm produce. He kept in connection therewith a bank account in the name of "Farmers' Welfare Union, Produce Department." He resigned as business agent for appellant September 1, 1926. At that time he was in possession of the personal property sued for, which consisted principally of office furniture and fixtures and equipment used in conducting said produce business. He had at that time on deposit in the bank to the credit of Farmers' Welfare Union the sum of $75.34, and to the credit of "Farmers' Welfare Union, Produce Department," the sum of $701. He tendered to appellee said sum of $75.34 on deposit in the former account, but claimed said sum of $701 on deposit in the latter account, together with all said personal property, as his own. In this connection he claimed that all said personal property was purchased with his own funds; that said produce business had been financed exclusively out of his individual funds; and that the same had been conducted by him on his own account and not for or on account of appellee, and that conducting the same was not within the scope of his employment by appellee.

The case was tried before a jury and submitted on special issues. The substance of the jury's findings is as follows: (a) Appellant Baker did not invest any of his individual funds in the business of the Farmers' Welfare Union. (b) The personal property sued for belonged to appellee and not to appellant. (c) Appellant had in his possession profits and moneys belonging to appellee in the sum of $771. (d) The reasonable rental value of said personal property was the sum of $5 per month.

None of these findings are assailed by any assignment of error. The court rendered judgment in favor of appellee on said findings of the jury, and appellant here presents said judgment for review.

### Opinion.

[1] Appellant presents as ground for reversal the action of the court in overruling his general demurrer to appellee's petition. He contends in this connection that since appellee's petition showed on its face that appellee was organized as a marketing association without capital stock and declared that the same was organized for benevolent pur-

poses, that appellee could not maintain this suit to recover office furniture, the fixtures and equipment for running a produce business, and the profits alleged to have resulted from the operation of the same by appellee for its account. Appellee alleged in its petition that appellant was employed by it as its cotton grader, salesman, and produce agent; that under such employment appellant was its agent "in the general conduct of its business in selling the farm products of its members, and all sums and amounts of money received from the sale of such products through said agent were payable to and collected by him, and the profits thus derived were the profits and assets of the corporation." Appellee further alleged that appellant was accountable and responsible therefor to it, and that he had on hand and withheld from appellee the money and property sued for, and, inferentially, that the same resulted from or was purchased with such profits. The articles of the statutes above referred to declare that the purpose of their enactment was to make the distribution of agricultural products between the producer and consumer direct and efficient. They declare that the term "agricultural products" includes live stock, dairy, poultry, and all other farm and ranch products. They further declare that associations organized thereunder shall be deemed nonprofit, inasmuch as they are organized not to make profits for themselves as such, or for their members as such, but only for their members as producers. They grant very comprehensive powers to such associations. Among the powers so granted is the right to engage in any activity in connection with marketing, selling, packing, storing, handling, or utilizing any agricultural products produced or delivered to it by its members, the right to borrow money, the right to own and hold all real and personal property convenient or necessary to the operation of its business, and the right to do everything suitable, proper, and necessary for the accomplishment of the purposes of its organization. Notwithstanding appellee was incorporated without capital stock, it was necessary for it to have funds to defray the expenses of its operation, among which were the salary of appellee, its business agent, the rental of a suitable place in which to conduct its business, and the purchase of necessary equipment for conducting the same. The right to charge reasonable compensation for the services rendered by it to its members is necessarily implied to enable it to effectively exercise the powers expressly granted and to enable it to accomplish the purposes of its organization. Appellee's suit was for the recovery of money and property to which it claimed title and which it alleged had accrued from the operation of its business. Appellee's petition was sufficient to support the recovery prayed for there-

in, and appellant's general demurrer was properly overruled.

[2] Appellant presents as further ground for reversal the action of the court in overruling his special exceptions to appellee's petition on the ground that it disclosed that the business conducted by appellee exceeded its charter powers and was ultra vires. We do not think that appellee's allegations showed that it exceeded its charter powers in the manner in which it conducted its business. For all that appears from said petition, the funds on hand and the funds expended in acquiring said property may have arisen from legitimate commissions and charges collected from its members for handling and marketing their agricultural products.

Appellant's contract of employment by appellee was verbal. Appellee introduced testimony concerning the terms of said contract as follows:

"The committee told Mr. Baker that they would give him $100 per month and furnish him gas and oil to run his car, and to pay the rent down there for him, or give him the authority to pay the house rent himself, buy chicken coops and egg cases, and pay the expenses out of the funds that accumulated there to run a poultry business, and that said Baker said, 'All right,' that he would accept it."

Appellant objected to the introduction of said testimony on the following ground:

"Said testimony set forth a transaction beyond the authority of the plaintiff given it under its charter and by its constitution and by-laws, and was inadmissible in that the plaintiff was without authority at law to engage in the poultry business for profit off its members and the general public for the reason that said corporation had been duly chartered by the state of Texas solely as a benevolent association."

[3] The action of the court in admitting said testimony is presented as ground for reversal. The record discloses that thereafter substantially the same testimony was introduced by appellee from two other witnesses without objection on the part of appellant. Appellant cannot therefore complain. I. & G. N. R. R. Co. v. Kindred, 57 Tex. 491, 500, 501; City of San Antonio v. Potter, 31 Tex. Civ. App. 263, 71 S. W. 764, 765, 766 (writ refused); G. H. & S. A. R. Co. v. Baumgarten, 31 Tex. Civ. App. 253, 72 S. W. 78, 80; Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170, 174; McDonald v. McCrabb, 47 Tex. Civ. App. 259, 105 S. W. 238, 239, 240; Pecos & N. T. R. Co. v. Coffman (Tex. Civ. App.) 160 S. W. 145, 149, par. 10 (writ refused). The testimony under consideration, however, did not necessarily show that the poultry or produce business authorized thereby was to be conducted in such a manner as to exceed the powers conferred upon appellee by the statutes under which it

was organized. Whether any phase of the business actually conducted exceeded such powers we need not determine. The business had terminated and appellant had voluntarily resigned his employment. According to appellee's contention, it owned the entire business conducted by appellee during his whole term of employment, and therefore owned the money on hand and the office furniture and business equipment which it alleged had been purchased out of the proceeds of such business.

[4] Since appellee had authority under its charter and the statutes under which it was organized to transact the business of a marketing agency for its members and to charge and receive compensation therefor, and to acquire and hold all property convenient or necessary in conducting such business, and, having so acquired the money and property sued for, its right to hold the same could not be questioned on the ground of ultra vires by appellant, but only by the state. Russell v. Railway, 68 Tex. 646, 652, 5 S. W. 686; Fletcher Ency. Corp. (3d Ed.) p. 2633, § 1561. Appellant having, according to appellee's contention and the findings of the jury, come into possession of the money and property sued for by virtue of his employment and as the property of appellee, could not defeat a recovery thereof by appellee on the ground that such money and property were acquired by appellee by, virtue of transactions which were in whole or in part beyond its charter powers. On the right to plead ultra vires as a defense to an action by a corporation to recover property or money under similar circumstances, see Bond v. Terrell Mfg. Co., 82 Tex. 309, 312, 18 S. W. 691; Walters v. Texas Bldg. & Loan Ass'n, 8 Tex. Civ. App. 500, 29 S. W. 51 (writ refused); Bank v. Whitney, 103 U. S. 99, 26 L. Ed. 443; Swope v. Leffingwell, 105 U. S. 3, 26 L. Ed. 939; Reynolds v. Bank, 112 U. S. 405, 5 S. Ct. 213, 28 L. Ed. 733; Taylor v. Callaway, 7 Tex. Civ. App. 461, 27 S. W. 934; J. M. Guffey Petroleum Co. v. Jeff Chaison Townsite Co., 48 Tex. Civ. App. 555, 107 S. W. 609, 613.

[5] Appellant complains of the action of the court in admitting over his objection testimony that when appellant resigned his position but retained possession of the premises where appellee's business was conducted and the equipment used in conducting the same,

appellee secured another building, moved thereto, and continued its business therein. The only objection to said testimony was that the acts of appellee subsequent to the filing of this suit were immaterial and prejudicial. Appellee alleged that the property sued for was needed in conducting its business at the new stand, and sought to recover the value of the use of the same during the pendency of the suit. The fact that appellee continued in business and needed the property sued for in conducting the same was pertinent testimony on the issue of the reasonable value of its use, there being no contention that said property had any market rental value at the time.

[6] Appellant by several other bills of exception complains of the action of the court in excluding evidence offered by him. All these bills show merely that the appellee in each instance objected to the testimony offered and that the court sustained such objection and excluded the same. None of these bills show the grounds of objection, if any, urged by appellee, and none of them show affirmatively that no grounds of objection were stated. Such bills, under a long line of decisions, are insufficient to authorize this court to review the rulings complained of. Wright v. Thompson, 14 Tex. 558, 563; Hamilton v. Rice, 15 Tex. 382, 385; Harris v. Leavitt, 16 Tex. 340, 343; Johnson v. Newman, 35 Tex. 166, 167; Progressive Lumber Co. v. Marshall & E. T. R. Co., 106 Tex. 12, 17, 155 S. W. 175, and authorities there cited; Adams v. M., K. & T. R. Co. (Tex. Civ. App.) 70 S. W. 1006, 1007; M., K. & T. R. Co. of Texas v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632, 633 (writ refused); St. L., I. M. & S. R. Co. v. Dodson (Tex. Civ. App.) 97 S. W. 523, 524; Linn v. Waller (Tex. Civ. App.) 98 S. W. 430; Maricle v. McAllister Fuel Co., 55 Tex. Civ. App. 178, 121 S. W. 221, 222; Temple Lumber Co. v. Pulliam (Tex. Civ. App.) 272 S. W. 587, 593, par. 8, and authorities there cited; Walker v. T. & N. O. R. Co., 51 Tex. Civ. App. 391, 112 S. W. 430, 432.

While there is a sharp conflict in the evidence on the vital issues in this case, such conflict was submitted to the jury and solved by it in favor of appellee, and its findings are not assailed. The judgment of the trial court is affirmed.