CLARK et al. v. SUPERIOR LLOYDS OF AMERICA.

No. 12812.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1939.

Rehearing Denied Dec. 30, 1939.

Wright K. Smith, of Dallas, for plaintiffs in error.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for defendant in error.

BOND, Chief Justice.

The record herein shows conclusively that defendant in error insured a "pickup" automobile, as distinguished from an "ambulance". Plaintiffs in error knew the distinction and recognized that an "ambulance" is a more hazardous risk than a "pick-up", and carries a higher rate of insurance. The insurance policy expressly excludes any obligation of the insurer, "(a) * * * while the automobile is used * * * as a public or livery conveyance or for carrying persons for a consideration, * * * unless such use is specifically declared and described in this policy and a premium charged therefor; * * *." Plaintiffs in error used the automobile in question as a livery conveyance for persons needing ambulance service, free of charge when unable to pay for its hire, as an advertisement of its undertaking business, and for a charge when such persons were able to pay. On the occasion of the accident, plaintiffs in error's agent or servant was

operating the vehicle in question as an ambulance, making a hurried call to some person in need of such service, and, in attempting to cross a street intersection in the City of Dallas, while traveling at a very moderate rate of speed—30 or 35 miles per hour—in disregard of a street "red light" stop-signal, collided with another automobile or truck coming from an intersecting street, resulting in damages to the ambulance.

 The use being made of the vehicle at the time of the collision, and not the name by which it was designated in the policy, is the controlling feature. Evidently the automobile was an ambulance at the time of the collision, operating under an ordinance of the City of Dallas which accords such vehicles the privilege of disregarding stop signals while sounding a siren warning of approach to a street crossing. It is undisputed that plaintiffs in error paid no additional insurance premium for use of the automobile as a livery conveyance for hire; consequently, it was not covered, within the contemplation of the policy of insurance. The policy not covering the automobile in question in the use it was then being put to, and the exclusion provision of the policy not having been waived, expressly or otherwise, by the soliciting agent or other person in authority, as to estop the insurance company, the trial court did not err in sustaining defendant's motion for an instructed verdict and entering judgment accordingly.

We have carefully considered all of plaintiffs in error's assignments; finding no reversible error, the judgment of the court below is affirmed.

Affirmed.

### On Motion for Rehearing.

The record shows that, soon after the issuance of the insurance policy, the insurer sought to cancel the policy for fraud and collusion of the insured and the insurer's agent, and an account thereof tendered to the insured, $26.50, being the amount of the premium paid for the purported coverage, in cancellation of the policy; then, again, after suit was filed, the tender was renewed and the insurer offered payment of the amount of the tender into court, "conditioned upon the surrender of the policy of insurance in question, and the plaintiff's agreement, or the court's finding, that no policy of insurance was ever actually in force between the parties". The insured declined to accept the tender, on the conditions stated.

On trial of the cause, the court found, in effect, that no policy of insurance was ever actually in force between the parties, thus meeting a condition imposed by the insurer for the return of the premium; accordingly, on payment of the amount of the tender into court, after final judgment that no insurance was in force on the automobile involved in the collision, the insurance company, by the judgment, should have been discharged on its plea of tender, with its cost, and the policy of insurance canceled. The omission of the court below to make disposition of the tender was not called to the attention of the trial court by motion, or otherwise, but, for the first time, is assigned as error here. In view of the record and disposition of the case, the premium should have been returned to the insured; therefore, the judgment of the court below is reformed, canceling its policy of insurance and discharging the insurance company on payment into court of the sum of $26.50 for the use and benefit of the insured; and, for the reasons stated, all costs in the court below and on appeal are taxed against plaintiffs in error; in all other respects, plaintiffs in error's motion for rehearing is overruled.