## CULWELL et ux. v. SHANN et al.
### No. 2492.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1944.

Frank Sparks, of Eastland, for appellants.

Dabney & Dabney, of Eastland, for appellees.

LESLIE, Chief Justice.

Mrs. Retta Freeman Shann, joined by her husband, instituted habeas corpus proceedings against Homei P. Culwell and wife, Louise Culwell (sister of Mrs. Shann), to obtain the custody and care of Retta's small son, Edward Freeman, alleged to be illegally confined and restrained of his liberty by the Culwells. The Culwells claimed the mother had verbally given the child to them. That they had become attached to it and desired to keep it, and that the mother was not a proper person to have the custody and rearing of the child. The mother denied all such allegations, and alleged that she merely employed them to care for the child while she was working. That she had since married and was able to care for the child and desired its custody. On the issues thus formed the trial took place before the court and jury. This resulted in a verdict and judgment awarding the custody of the child to the plaintiffs, or its natural mother.

This appeal is predicated on four points of error, which will be disposed of in their order:

The first point is based on the ruling of the trial court in excluding testimony. The bill of exception does not show what the testimony would have been, and, therefore, no error is disclosed. 3 Tex.Jur. p. 468, sec. 300, et seq. Apparently the evidence, had it been admitted, would have been hearsay so far as that witness was concerned. It dealt with the contents of an alleged report someone else had possibly made to the witness.

Point 2 complains that the court permitted a witness to give certain improper testimony over appellants' objection. Since similar testimony was given by other witnesses and not objected to by the appellant, the objection, if valid, was waived. Hilliard et al. v. Watson et ux., 170 S.W.2d 310; Export Ins. Co. v. Axe et al., 36 S. W.2d 572; Hemler v. Hucony Gas Co. et al., 18 S.W.2d 942; City of San Antonio v. Potter, 31 Tex.Civ.App. 263, 71 S.W. 764; International & G. N. Ry. Co. et al. v. Kindred, 57 Tex. 491; Traders & General Ins. Co. v. Rhodabarger, 93 S.W.2d 1180; Reed et al. v. James et al., 113 S.W.2d 580; Ft. Worth & D. C. Ry. v. Motley, 87 S.W. 2d 551.

Point 3 is not briefed. Point 4 also pertains to the exclusion of testimony and shows no error. A bill of exception to the exclusion of testimony must reflect at least what was expected to be shown by the witness. Moerbe et al. v. Beckmann, 132 S.W. 2d 616; 3 Tex.Jur. p. 468, sec. 330 et seq.

All points are overruled, and for the reasons assigned the judgment of the trial court is affirmed.