## TRINITY UNIVERSAL INS. CO. v. DANIEL et al.
### No. 2591.

Court of Civil Appeals of Texas. Eastland.

May 2, 1947.

Dick Harbin, of Dublin, for appellant.

Holmes & Nicholson, of Comanche, for appellees.

LONG, Justice.

This suit was instituted by appellees Alton Daniel and B. J. Pittman against appellant, Trinity Universal Insurance Company, to recover the value of an automobile destroyed by fire upon which the appellant had issued a policy of insurance insuring the car against loss by fire. Appellee Daniel was the owner of said car and appellee Pittman had a lien thereon. Judgment was entered in favor of the appellees against appellant for the value of such automobile.

At the conclusion of the testimony in the trial court, appellant moved for an instructed verdict, based upon the proposition that by the terms of the policy of insurance the automobile was not covered while it was being used as a public or livery conveyance unless such use was specifically declared in the policy and a premium charged therefor. Appellant contends that the trial court erred in overruling this motion for an instructed verdict. The undisputed evidence discloses that no premium was collected from appellee Daniel as a coverage for said automobile while being used as a taxicab.

Appellee Daniel lived in Dublin, Texas. He operated the automobile as a taxicab in the town of Comanche, Texas. On the evening of September 13, 1944, appellee Daniel traveling alone started from Comanche to his home in Dublin. While enroute something went wrong with the motor in the automobile and it would not run. He obtained a ride into the town of Dub-

lin where he had another automobile. Daniel and his wife returned in the other automobile to where the car in question was located. They were towing the car in question behind this automobile at the time the car caught fire and was destroyed.

█ Under the terms of the policy issued, the car was not covered by insurance while being used as a taxicab. However, at the time it was destroyed it was not being so used. The fact that appellee Daniel had been using the automobile in carrying passengers for hire did not contribute to or cause its destruction by fire.

█ It is well settled that unless a breach or violation of a condition, such as we have here, of a fire insurance policy causes or contributes to bring about the destruction of the property, such breach or violation of the condition or provision will not render void the policy or constitute a defense to a suit for a loss thereon. Art. 4930, Revised Civil Statutes, Vernon's Ann. Civ.St. art. 4930; Commercial Standard Insurance Co. v. First State Bank of Vernon, Tex.Civ.App., 142 S.W.2d 621.

Appellant cites the case of Clark et al. v. Superior Lloyds of America, Tex.Civ.App., 147 S.W.2d 1113, as authority for its position.

We have given the case cited our careful consideration and we are of the opinion that the holding therein does not support the contention of the appellant but on the contrary it is in line with our holding in this case. We are of the opinion that the trial court did not err in overruling the motion for an instructed verdict.

█ Complaint is made by appellant to the action of the trial court in not permitting counsel for appellant to cross-examine the appellee Daniel with reference to his conversation with Mrs. Golightly, agent of the appellant at the time the policy of insurance was issued. We are of the opinion that reversible error is not shown in this connection. Under the view we take of this case, the conversation between appellee Daniel and the agent for the Company becomes immaterial.

█ On the trial of the case, appellant offered the witnesses Joe Underhill and N.

L. Linebough and attempted to qualify each of them as an expert upon the question as to the cause of the fire which destroyed the automobile. Counsel for appellant propounded to each of said witnesses the following question, "Can you state from your experience how this car was ignited, whether from a natural cause or from human assistance?" Counsel for appellees objected to the question and the court sustained such objection and refused to allow the witnesses to answer the question so propounded. The bills of exception fail to show what the answers of the witnesses would have been to the question propounded. Therefore, no error is shown. Culwell et ux. v. Shann et al., Tex.Civ.App., 184 S.W.2d 537.

Judgment of the trial court is affirmed.