315 F.2d 126
 SONOCO PRODUCTS COMPANY, a corporation, Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, a corporation, Mrs. Roy A.
Batson, Sherry Ann Batson, Michael J. Batson,
Larry Lee Batson and Dody C. Waters, Appellees.
 No. 7019.
 United States Court of Appeals Tenth Circuit.
 Feb. 18, 1963.
 
 Richard D. Gibbon, Tulsa, Okl. (Covington & Gibbon, Tulsa, Okl., were with him on the brief), for appellant.
 William F. Kyle, Tulsa, Okl. (Hudson, Hudson, Wheaton, Kyle & Brett, Tulsa, Okl., and Thomas R. Brett, Tulsa, Okl., were with him on the brief), for appellee, Travelers Indemnity Co.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Appellant had leased a truck from Mr. Don Veatch and while so leased and driven by an employee of the appellant, it was involved in a fatal accident in Oklahoma. A wrongful death suit was brought in the state court in Oklahoma against appellant and others. Appellee, The Travelers Indemnity Company, was requested to defend this action but refused. Appellant then brought this declaratory judgment action in which it asserts that the appellee had issued a public liability insurance policy to Veatch on this truck, and appellant asks that this policy be construed to provide coverage to it at the time of the accident as an insured. The trial court found that the appellee Travelers had issued such a policy of insurance to Veatch, but also found that the policy did not provide coverage for this accident because the truck was then being used as a public or livery conveyance, and consequently was within an exclusion stated in the policy. Additional grounds were stated by the trial court in denying coverage.
 
 
 2
 Appellant here argues that the truck was not being used for a purpose to exclude it from coverage; that the policy contemplates that the truck would be leased; that the contract of insurance is ambiguous and should be construed against the insurance company; and that the omnibus clause extends coverage to it as a permissive user.
 
 
 3
 The individual defendants-appellees are the plaintiffs in the state court suit brought in Oklahoma against appellant arising from this accident. The record shows that appellant's insurance carrier, Hartford Accident & Indemnity Company, joined in the Notice of Appeal and the statement of points but does not appear on the briefs. The individual appellees also find no brief.
 
 
 4
 The named insured, Veatch, was engaged in several activities in Texas where the insurance policy was signed and delivered. He had an auto-truck wrecking yard, a used truck sales and repair business, and a truck rental business. As to the rentals, he would offer whatever trucks were available to anyone provided the lessee had a qualified driver and furnished public liability and property damage insurance. Veatch testified that the appellant was required to meet these conditions. Appellant leased frequently and would use trucks then available. When Veatch was asked whether he intended the Travelers policy here involved to cover the tractor so used by appellant, he did not answer directly but stated that he intended that appellant would provide the public liability and property damage insurance.
 
 
 5
 The record is clear that Veatch was well aware of the difference in providing coverage for trucks he offered for rental and those used in his other business. He testified that he had the policy in question extended to cover the truck involved in the accident soon after its purchase because 'I wanted coverage, you know, when I was using it to haul my own stuff.' Veatch had his insurance written by Mr. L. N. Skipper, a Travelers' agent, but when asked whether it was all written by him he said not and described a policy he had obtained in September 1960 through the Texas Assigned Risk Board on a moving van he rented to others. He stated he was unable to obtain coverage on this truck from Travelers because it was a rental vehicle and 'they didn't care to write it.' Thus he had to go through the Assigned Risk Board.
 
 
 6
 As mentioned above, the truck was leased to appellant at the time the accident occurred by a written lease dated December 8, 1960, describing the lessor as 'Veatch Rent-A-Truck Service' and the lessee as Sonoco Products. The lease provided that the lessee would be responsible for injuries or damages and released lessor from all liabilities. The appellant engaged and paid the driver as its employee, and paid rental to Veatch at the rate of twenty cents per mile.
 
 
 7
 The 'Declarations' portion of the insurance policy in question described the Named Insured as 'Don Veatch DBA Veatch Sales Company' and his occupation as 'sells used trucks-- auto repair and parts.' At Item 5 of the declarations relating to purposes for which the automobile was to be used, there was typed 'as per schedule 4198A attached' above the printed words '('Pleasure and Business,' unless otherwise stated above; 'C' means 'Commercial').' The term 'Pleasure and Business' is defined in paragraph 6 of the 'Conditions' portion of the policy as 'personal, pleasure, family and business use.' Further as to Item 5 and the reference to schedule 4198A, we find in turning to this schedule that the box provided for the description of the use of the vehicle was left blank. Thus we are provided no help in the construction of the policy be this schedule; consequently we are left with the declarations above referred to and the exclusions. The policy expressly requires the vehicle to be used for the purposes set out in the declarations.
 
 
 8
 The policy contains an exclusion which states that the policy does not apply 'except under division 2 of Coverage C, while the automobile is used as a public or livery conveyance, unless such use is specifically declared and described in this policy; * * *' There was no coverage 'C' so the exclusion is operative; consequently the question is whether the rental to appellant and Veatch's rental business and practices serve to make this exclusion applicable. The policy was written and delivered in Texas, and we turn to the Texas authorities on this point. The principal case referred to by both parties is Concordia Fire Insurance Co. of Milwaukee v. Nelson, 221 S.W.2d 320 (Ct.Civ.App.Tex.1949). In this case, suit was for a loss by theft on a policy which provided: 'This policy does not apply * * * while the automobile is used as a public or livery conveyance, unless such use is specially declared * * * and premiums charged therefor.' The facts were that the insured car was the personal car of an operator of a rent-a-car service, and he rented it to a customer for a stated amount for a week plus mileage. The trial court was reversed in an opinion which defined 'public or livery conveyance.' The court stated that the car rental business was essentially the same as the old livery stable where horses and vehicles were kept for hire. It found that the operator had rented the car in the course of this business, nd held that the exclusion applied. There is an older Texas case, Clark v. Superior Lloyds of America, 147 S.W.2d 1113 (Ct.Civ.App.Tex.1939), where the insured pickup truck was used as an ambulance for hire and the court held this was within the exclusion applicable to the use of the vehicle as a public or livery conveyance. There are cases from other states such as McDaniel v. Glens Falls Indem. Co., 333 Ill.App. 596, 78 N.E.2d 111; Pimper v. National American Fire Ins. Co., 139 Neb. 109, 296 N.W. 465, and Elliott v. Behner, 150 Kan. 876, 96 P.2d 852, which consider this issue and are often cited, but these are distinguishable on their facts.
 
 
 9
 In the Concordia case is found the above described definition of the term 'public or livery conveyance' applicable in Texas. It is a clear and practical definition which, when applied here as it was done by the trial court, brings the truck within the exclusion of the policy. As indicated above the record shows that the insured Veatch was engaged in the truck rental business, and the truck in question and others were available to anyone. All that was required of a renter was a competent operator and public liability and property damage insurance. The insured was thereby holding himself out to the public as a renter of trucks, and was in what is now the 'livery' business. The truck was a 'livery conveyance' when leased to appellant by 'Veatch Rent-A-Truck Service.' The trial court's findings on the facts relating to the exclusion are well supported by the evidence.
 
 
 10
 There was an omnibus clause in the policy which extended coverage to those using the vehicle with the permission of the named insured. The appellant seeks, of course, to use this clause to become an insured. The purpose of this omnibus clause is to extend the policy coverage to others. It is not to change the nature of this coverage nor to change declarations nor to remove exclusions. Thus it is the same policy which then covers the added insured. In 10 A.L.R.2d 676, the author has stated as to the omnibus clause:
 
 
 11
 'It seems to be well settled that the policy does not extend any greater coverage to an additional insured than to the named insured, so as to insure such person for an unauthorized use when the named insured would not have been covered under the same circumstances.'
 
 
 12
 Thus appellant's position under the policy as to these points is no different from that of the named insured.
 
 
 13
 It should be noted that the named insured is 'Don Veatch DBA Veatch Sales Company,' while the truck lease was made by 'Veatch Rent-A-Truck Service.' The insured thus kept separate his several businesses or capacities in handling the trucks. The risk involved or exposure for an insured engaged in the truck sales and repair business is certainly much different than for one engaged in the truck rental business. This difference obviously makes the statements of the insured's occupation more than merely a matter of identification.
 
 
 14
 The appellant urges that Item 8 of the Declarations contemplates that the vehicle be leased. This provides: 'Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrances, the named insured is the sole owner of the automobile, unless otherwise stated herein.' This provision concerns a matter which is unrelated to the question here. It is to provide a place for a statement of ownership, if different from the named insured, and other than that resulting from the designated 'encumbrance.' This is to provide a policy form suitable and covering a multitude of circumstances relating to ownership and cannot be taken as an indication that the vehicle was to be leased in the case at bar.
 
 
 15
 There are several other points raised by the parties but it is not necessary to consider them separately because the issues above discussed dispose of the case. The trial court made findings on the issues and these findings are amply supported by the evidence.
 
 
 16
 Affirmed.